

Fish & Richardson P.C.
601 Lexington Avenue
52nd Floor
New York, NY 10022

212 765 5070 main
212 258 2291 fax

**Michael F. Autuoro**
Principal
autuoro@fr.com
212 641 2237  direct

VIA ECF

February 27, 2019

United States District Court
Southern District of New York
Honorable Gregory H. Woods
500 Pearl Street
New York, NY 10007-1312

Re:   *State Street Global Advisors Trust Company ("SSGA") v. Visbal*, Case No. 1:19-cv-1719-GHW-GWG

Dear Judge Woods:

We are counsel for Plaintiff SSGA and write to bring the Court's attention to several important facts that took place Monday evening U.S. time at the Fearless Girl unveiling ceremony in Australia. More specifically, in the course of delivering two speeches at the unveiling ceremony, Defendant Kristen Visbal made numerous statements that are contrary to her counsel's proffered facts during Monday's hearing about the scope and content of those speeches.

On Monday, Your Honor indicated that he relied upon defense counsel's proffers in finding an inadequate showing of irreparable harm with respect to SSGA's requests for emergency relief:

> Furthermore, counsel has proffered, as a member of the bar of this court, that the defendant will, in connection with her conversation or speech regarding the Australian sculpture, not be promoting the corporate entity, or financial institution, or the law firm which worked together, apparently, to fund its acquisition. Instead, I understand that she will be describing her work to create the Fearless Girl sculpture.

(February 25, 2019 Hearing Tr., 52:19–25; *see also id.* 28:15–19 ("THE COURT: . . . So the comments you were describing that she would make in Australia would refer to her process in creating the Fearless Girl statue; is that right?  MS WOLF: That's right."))

At Monday evening's (U.S. time) unveiling ceremony, Defendant gave two speeches.[1]  And, contrary to defense counsel's proffer, Defendant *did* use her speech to promote the law firm and the two financial institutions.  For example, during her first speech, Defendant stated:

---

[1] Audio recordings of the speeches were made by SSGA's Australian counsel, who was monitoring the ceremony in an official capacity by order of the Australian court, and were provided to the undersigned counsel yesterday evening.  Attached as Exhibits A1 and A2 to the accompanying Declaration of Michael F. Autuoro (Exhibit A) are transcripts made based on the audio recordings, highlighting the passages quoted herein.  We would also be happy to provide the Court with the audio files themselves, and have cited below to the specific beginning times in the recordings at which certain statements were made.



> I would like to commend Maurice Blackburn, Cbus and HESTA for demonstrating your dedication to diversity and equal pay through their gift of Fearless Girl to the people of Australia.

(Ex. A1 at 01:30.) In addition to her promotion of these third parties, Ms. Visbal focused much of the remainder of her speech on gender diversity issues in corporate governance and the financial services sector, which SSGA believes to be in express breach of at least Section 1(a) of the parties' Copyright License Agreement. Based on the content of her speech, it is evident that Visbal spent significant time preparing by reviewing gender-related corporate governance research and data, including that pertaining *directly* to financial service companies, as she stated the following:

- "NSTI Incorporated found at least 3 women at the board level to be the magic number for maximum corporate returns." (*Id*. at 04:54; *see also* Ex. A2 at 03:08, 05:28)

- "Catalyst Research stated companies with more women in executive positions realised an increase in return to investors of a whopping 34%. They found that companies with the highest number of women on a board outperformed those with the least by 53% return on equity, a 42% return on sales and a 63% return on invested capital." (Ex. A1 at 05:01; *see also* Ex. A2 at 03:16, 05:18)

- "Studies show companies profit when they incorporate women at any level." (Ex. A1 at 06:01; *see also* Ex. A2 at 03:59)

- "Management should be made aware of diversity research in order to establish a creative environment." (Ex. A1 at 06:39)

- "Women comprise 50% of the workforce yet in Deloitte's analysis of nearly 7,000 companies in 60 countries, women held only 15% of all board seats globally in 2017, which was up 12% from the number of board seats they held in 2015." (*Id*. at 07:03)

- "Women represented just 17.3% of directorships out of the 2,451 Morgan Stanley capital national ASWI invested companies." (*Id.* at 07:25)

- "In Australia, the Institute of Company Directors found the latest percentage of women of ASX 200 boards to be just 29.6%. Three or more women is the number required to create a "critical mass" and thus foster better performance." (*Id.* at 07:39)

- "In November 2018 SBS News reported the Workplace Gender Equality Agency recorded a gender figure of 21.3% here in Australia. This compares to a global mass of 37% established by the World Economic Forum as reported this past December." (*Id.* at 08:00)



- "[W]omen should consider working for a company that is diverse at the board level to maximize upward mobility. By demanding diversity in leadership we can collectively effect pay parity through encouraging female leadership and garnering higher pay provisions for women." (*Id.* at 09:28)

At the end of this first speech, it was announced that a "panel of experts" would take the stage to talk about gender equality, including the following executives of Visbal's three Australian sponsors: (1) the CEO of HESTA, Debby Blakey; (2) the CEO of Cbus, David Atkin; and (3) the Deputy CEO of Maurice Blackburn, Felicity Pantelidis. (*See id.* at 17:10.)

In the second speech, given right after the replica's unveiling, Defendant repeated her promotion of Maurice Blackburn and the financial services companies, Cbus and HESTA:

> I would like to commend Maurice Blackburn, Cbus and HESTA for demonstrating their dedication to diversity and equal pay through their generous gift of Fearless Girl to the people of Australia.

(Ex. A2 at 02:09.) To be clear, Defendant did not discuss her expertise in the "lost wax" method of metal casting, or her use of that method in sculpting the original statue. The speeches Visbal actually made are a far cry from defense counsel's proffer.

Following counsel's inaccurate proffer, as demonstrated above and in the attached, Defendant made the breaches anticipated in Australia and endorsed further violations of SSGA's exclusive IP rights by her sponsors. SSGA respectfully submits that the inaccuracy of defense counsel's proffer with respect to the Australia event raises serious concerns about the accuracy of counsel's other proffers, mainly those concerning her client's German sale and the related unveiling event. At minimum, the above facts demonstrate that the proffers are unreliable.

Thus, SSGA respectfully requests that the Court reconsider SSGA's requested TRO relief with respect to the upcoming German unveiling (as set forth in the proposed order to show cause, attached as Exhibit A3). SSGA also respectfully asks this Court to (i) order Defendant to produce documents in the seven subject areas that are identified in SSGA's proposed order to show cause on a further-expedited basis, i.e., within 3 calendar days; (ii) permit SSGA to immediately commence additional discovery concerning those subject areas (including the taking of Defendant's deposition, in–person, by videoconference, or telephonically); and (iii) order any other relief that the Court deems appropriate in light of these extraordinary circumstances.[2]

Respectfully submitted,

*/s/ Michael F. Autuoro*
Michael F. Autuoro
*Attorney for Plaintiff*

---

[2] Pursuant to Individual Rule 1(A), SSGA notes Defendant has already opposed SSGA's request for emergency relief at Monday's hearing. SSGA informed Defendant's counsel this afternoon that it would be raising this issue with the Court in light of Defendant's speeches, and is providing copies of its audio files contemporaneously with this filing.

3