At the Commercial Division Part \_\_\_
of the Supreme Court of the State of
New York, County of New York,
held at the Courthouse located
at 60 Centre Street, New York, New
York 10007 on the \_\_\_\_\_day of
February 2019

PRESENT:

    HON. _____,
                                      Justice

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| STATE STREET GLOBAL ADVISORS TRUST COMPANY, a Massachusetts trust company,<br><br>                Plaintiff,<br><br>    - against-<br><br>KRISTEN VISBAL<br><br>                Defendant. | Index No. 650981/2019<br><br>**[PROPOSED]<br>ORDER TO SHOW CAUSE FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND EXPEDITED DISCOVERY** |

The Court has reviewed (1) the Summons and the Amended Complaint (with exhibits), filed on February 24, 2019; (2) the Emergency Affirmation of Michael Autuoro and the exhibits attached thereto (sworn to on February 24, 2019); (3) the Emergency Affirmation of Lochiel Crafter and the exhibits attached thereto, including the sworn statements on the need for emergency relief (sworn to on February 22, 2019); and (3) the accompanying Memorandum of Law.

Upon review of these papers, it appears to the satisfaction of this Court that (i) the Defendant Kristen Visbal ("Defendant") has engaged or will, unless temporarily restrained by Order of this Court, engage in the breaches and unlawful acts alleged by Plaintiff State Street Global Advisors Trust Company ("Plaintiff"); (ii) such conduct will injure Plaintiff's business and financial interests, contractual and business relationships, and reputation in the commercial community; dilute the high quality and goodwill of Plaintiff's Fearless Girl trademark; weaken Plaintiff's relationship with its Fearless Girl trademark and statue; and damage the powerful and valuable message conveyed by the Fearless Girl and Plaintiff's Fearless Girl campaign; and (iii) Plaintiff will suffer immediate and irreparable injury, loss, or damage unless an injunction is entered. Accordingly it is hereby:

**ORDERED** that, good cause appearing therefor, Defendant or her counsel appear and show cause before this Court at I.A.S. Part ___, Room ____, thereof, in and for the Country of New York at the Supreme Court of New York Courthouse located at 60 Centre Street, New York, New York 10007 on the _____ day of _____, 2019 at _____ on that day, or as soon thereafter as counsel can be heard, why a preliminary injunction pursuant to C.P.L.R. § 6301 *et seq*. should not be entered (1) enjoining Defendant from completing (or effecting completion of) the delivery, sale, or transfer of the replica of the Fearless Girl statue to her undisclosed buyer or buyers in Germany, to preserve the status quo; (2) ordering Defendant to

obtain and/or retain possession (actual or constructive) and control over such German replica, even if it has already been sent to Germany, to preserve the status quo; (3) enjoining Defendant from promoting her unauthorized (a) Australian replica and (b) German replica, because such replica is being used to promote one or more third parties and/or was given to a corporate entity or financial institution in breach of the Master Agreement; (4) ordering Defendant to place the required attribution statement to SSGA, the original commissioning party of the Fearless Girl statue, on the replica in (a) Australia and (b) Germany, as such replica has been provided as part of a promotional or corporate event; and (5) enjoining Defendant from using an automated sales form to sell replicas, including but not limited to enjoining use of the automated sales form located at https://www.fearlessgirl.us/purchase-a-reproduction/.

**ORDERED** that, good cause appearing therefor, pending both the preliminary injunction hearing set in the previous paragraph and the determination of the preliminary injunction motion, Defendant, her affiliates, agents, employees, servants, contractors, and assigns, are (1) enjoined from completing (or effecting completion of) the delivery, sale, or transfer of the replica of the Fearless Girl statue to any buyer or buyers in Germany, to preserve the status quo; (2) ordered to obtain and retain possession (actual or constructive) and control over such German replica, even if it has already been sent to Germany, to preserve the status quo; and (3) enjoined from promoting her unauthorized (a) Australian replica and (b) German replica because such replica is being used to promote one or more third parties and/or was given to a corporate entity or financial institution in breach of the Master Agreement; (4) ordered to place the required attribution statement to SSGA, the original commissioning party of the Fearless Girl statue, on the replica in (a) Australia and (b) Germany, as such replica has been provided as part of a promotional or corporate event; and (5) enjoined from using an automated sales form to sell replicas, including but not limited to

enjoining use of the automated sales form located at https://www.fearlessgirl.us/purchase-a-reproduction/.

**ORDERED** that, good cause appearing therefor, pursuant to CPLR §§ 3102, 3106(a), Plaintiff may (i) take the deposition of Defendant immediately after the issuance of this Order, or at any time before the preliminary injunction hearing; and (ii) commence discovery immediately concerning the following subjects, which discovery (production of documents, interrogatories, requests for admission) must be provided by Defendant within five (5) calendar days' notice:

1. contracts for the sale of a replica statue by Defendant to her undisclosed Germany buyer(s), and any receipt or record of payment for some or all of the purchase price of the replica;
2. communications between Defendant, or her agent or representative, and Defendant's undisclosed Germany buyer(s);
3. communications from or to Defendant, or her agent or representative, concerning the sale to Defendant's undisclosed Germany buyer(s);
4. documents and communications concerning the shipment, distribution, or transportation of the replica to Defendant's undisclosed Germany buyer(s);
5. documents and communications concerning the intended use and promotion of the German replica;
6. documents and communications relating to Defendant's travel and promotional plans concerning the unauthorized replicas in Australia and Germany; and
7. documents sufficient to show the identity of all of Defendant's buyers of replicas and these buyers' plans to promotion and use their replica(s).

**ORDERED** that, good cause appearing therefor, pursuant to CPLR § 3102, Defendant shall disclose to Plaintiff the identity of the German buyer or buyers and the time and location of the unveiling and/or ceremony announcing the German replica, within three (3) calendar days after the issuance of this Order;

**ORDERED** that Plaintiff files a bond on or before _____, 2019, in the sum of _____, conditioned that the Plaintiff, if it is finally determined that it

was not entitled to a temporary restraining order, will pay to the Defendant all damages and costs that may be sustained by reason thereof.

**ORDERED**, that service of a copy of this Order to Show Cause, together with the underlying papers upon which it is granted, shall be deemed good and sufficient service if made on or before _____, 2019 by hand delivery or by electronic service (e.g., by email) upon Defendant or her attorneys; and it is further

**ORDERED**, that answering papers, if any, be filed with this Court, and served by hand or by electronic service (e.g., by email) upon Plaintiff by serving its counsel, Fish & Richardson P.C., 601 Lexington Avenue, 52nd Floor, New York, New York 10022, attn. Kristen McCallion., on or before the close of business on _____, 2019; and it is further

**ORDERED**, that reply papers, if any, be filed with this Court, and served by hand upon Defendants or their attorneys on or before close of business on _____, 2019; and

**IT IS HEREBY FURTHER ORDERED** that Defendant and her respective officers, agents, servants, employees and attorneys, and all other persons who are in active concert or participation with them are bound by this Order.

SIGNED this \_\_\_ day of February, 2019.

ENTER,

_____

J.S.C.