

STEVEN MITBY
DIRECT  713.600.4910
MAIN  713.655.1101
FAX  713.655.0062
SMITBY@AZALAW.COM

April 22, 2019

*Via ECF*

The Honorable Gregory H. Woods
United States District Judge
The United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

*Re:* **State Street Global Advisors Trust Company ("SSGA") v. Visbal*,*
      Case No. 1:19-cv-1719-GHW**

Dear Judge Woods:

We represent Defendant Kristen Visbal in the above-referenced matter. We respectfully write to request that the Court vacate the preliminary injunction against Visbal. This request is based on new evidence that was not presented at the time the Court originally granted the preliminary injunction.

In the Court's order of March 6, 2019, the Court granted Plaintiff SSGA's request for a preliminary injunction and enjoined Visbal: (1) from completing the delivery, sale, or transfer of a replica to a German buyer (to the extent that such deliver, sale, or transfer has not already taken place); (2) from promoting a German replica; and (3) from using an automated sales form to sell replicas (the "Injunction").

The Injunction is moot with respect to the first two issues that the Court addressed. As we previously informed the Court, the German replica was transferred, sold, and delivered over a year ago. Neither Visbal nor the buyer have any promotional plans concerning this replica. Indeed, because of SSGA's litigation tactics and interference, the German buyer has no plans to unveil the replica and actually sought to rescind the contract based on these activities.[1] As a result, there are no German promotional activities. The Injunction, combined with SSGA's efforts to publicize the litigation, has had a significant chilling effect on the German buyer as well as other prospective buyers of the statue.

---

[1] Visbal produced documents to SSGA in accordance with the Court's March 1, 2019 order for certain expedited discovery that confirms these facts. Counsel will bring such documents, which have been designated confidential, to the scheduled initial case management conference tomorrow, in the instance that the Court wishes to review.

Hon. Gregory H. Woods
United States District Judge
April 22, 2019
Page 2

The Court granted the third part of the Injunction based on SSGA's representation that the Visbal was using an "automated sales form" to sell miniature replicas. SSGA then requested that the Court broaden the injunction to allow SSGA to contact Visbal's web hosting company to take down the web page in its entirety. *See* Dkt. No. 32. The Court held a teleconference with counsel on March 18 to hear both parties' positions and ultimately denied SSGA's request to extend the injunction. *See* Dkt. No. 45.

During that teleconference, Your Honor suggested that the parties meet and confer to discuss the terms and conditions posted with the order form on the website. *See id.* The Court plainly intended that the parties would seek to reach agreement on terms and conditions to govern online sales so that Visbal could continue selling replicas as the parties' agreement (the "Master Agreement") expressly authorizes and permits her to do.

In order to find a practical solution and comply with the Court's recommendation, we emailed SSGA's counsel on the same day, March 18, 2019. In our correspondence we provided a draft of the full terms and conditions on the website and requested that SSGA redline the draft and propose new terms that SSGA believes would satisfy its concerns. However, SSGA provided no response.

The following week, on March 25, 2019, we followed up and again asked SSGA's counsel to provide comments on the website terms and conditions. In response, SSGA's counsel declined to provide specific recommendations, citing Visbal's decision to bring in new lead counsel as well as plans for mediation. SSGA rebuffed all further attempts to confer about the website and obtain specific requests regarding additional terms.

Despite SSGA's failure to participate in meaningful discussions to resolve the website issue, Visbal took the opportunity to revise the website terms and conditions to respond to SSGA's demands. Attached is a printout showing the complete terms and conditions available on the website (*see* Exhibit A), as well as a redline version showing the changes to the terms and conditions (*see* Exhibit B). Additionally, the order form now requires any prospective purchaser not only to consent to the terms and conditions, but also to provide an electronic signature. *See id.* Even though the Master Agreement does not require Visbal to take these steps, she has done so in an effort to address and resolve the Court's concerns.

As we previously informed the Court, SSGA's proffer that the website contains an "automated sales form" is inaccurate. The website merely provides an order form that allows potential purchasers to input their information and place an order for a reproduction, which Visbal must still take steps to complete. With the new changes, this order form now requires that purchasers consent to key terms under the Master Agreement and show their consent by providing their electronic signature. We believe these changes to the terms and conditions exceed the threshold required by the Master Agreement and should resolve any concerns that SSGA has expressed.

Moreover, although the Injunction is not necessary to protect SSGA, it causes Visbal irreparable harm by precluding her – as long as it is in effect – from making sales that the Master Agreement expressly permits. Visbal's terms and conditions easily prevent misuse by customers of

Hon. Gregory H. Woods
United States District Judge
April 22, 2019
Page 3

the statue and, under the terms of its copyright license, SSGA can independently bring a claim against a purchaser who violates SSGA's copyright or trademark rights.

      For the foregoing reasons, the first two requirements of the Injunction are moot. In addition, Visbal has taken measures that exceed the Master Agreement's requirements with respect to any website terms and conditions. As a result, the Court should vacate the preliminary Injunction.

                                          Respectfully Submitted,

                                          Steven J. Mitby

SJM/mdr

c:  Michael Frank Autuoro
    Vivian Cheng
    Sara Gates
    John Goetz
    Kristen McCallion
    Michael Mills
    Nancy Wolff