UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE STREET GLOBAL ADVISORS TRUST COMPANY,<br><br>                    Plaintiff,<br><br>    -against-<br><br>KRISTEN VISBAL,<br><br>                    Defendant. | Case No. 1:19-cv-1719 (GHW)<br><br>ECF Case |

**DEFENDANT KRISTEN VISBAL'S MEMORANDUM OF LAW
IN SUPPORT OF HER MOTION FOR LEAVE TO AMEND OR SUPPLEMENT
HER FIRST AMENDED ANSWER AND COUNTERCLAIM**

Defendant Kristen Visbal ("Defendant" or "Visbal") respectfully submits this memorandum of law in support of her motion, pursuant to Federal Rule of Civil Procedure 15(a)(2) and 15(d), for leave to amend or supplement her First Amended Answer and Counterclaim ("Answer and Counterclaim") filed in this action on May 31, 2019 (the "Motion"). Specifically, Visbal seeks to amend her Answer and Counterclaim to include additional factual allegations, an affirmative defense, and a counterclaim for contributory copyright infringement based on an event that occurred after Visbal submitted her pleading. True and correct copies of Visbal's proposed Second Amended Answer and Counterclaim and a redline version comparing the proposed Second Amended Answer and Counterclaim to the Answer and Counterclaim are submitted for the Court's reference as Exhibits A and B, respectively, to the accompanying Declaration of Sara Gates, dated July 22, 2019 ("Gates Declaration" or "Gates Decl.").

**FACTUAL BACKGROUND**[1]

Visbal filed her First Amended Answer and Counterclaim on May 31, 2019, within the time frame allotted by the Court. *See* Dkt. Nos. 86, 90. However, new facts have arisen that necessitate that Visbal amend her Answer and Counterclaim to include an additional counterclaim for contributory copyright infringement. *See* Gates Decl. Ex. 1 ¶¶ 182–95. Moreover, Visbal also seeks to amend her Answer and Counterclaim to include additional factual allegations, discovered during document review, that will bolster her tortious interference with contract counterclaim. Though SSGA has challenged this claim, its partial motion to dismiss is not fully briefed. *See* Dkt. Nos. 97, 98–101. Finally, Visbal also seeks to add an affirmative defense regarding the significant ambiguities in the parties' contract (the "Master Agreement"). This argument has been recently raised by both sides, and while alluded to in the Answer and Counterclaim, it would benefit this litigation to expressly include it as an affirmative defense.

**ARGUMENT**

**I.   MOTIONS TO AMEND ARE FREELY GRANTED WHEN JUSTICE REQUIRES**

Under the liberal standard of Rule 15(a)(2), leave to amend is within the sound discretion of the Court and "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). This same liberal standard applies to Rule 15(d), which "permit[s] a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see Aktiebolag v. Andrx Pharm., Inc.*, 695 F. Supp. 2d 21, 25 (S.D.N.Y. 2010). Rule 15 serves to provide the "maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *Slayton v. Am. Express Co.,* 460 F.3d 215, 228 (2d Cir. 2006) (internal citation omitted). A motion to amend should be

---

[1] This section only addresses the facts pertinent to the instant Motion. For a full recitation of the facts of the case, see the proposed Second Amended Answer and Counterclaim, attached as Exhibit 1 to the Gates Declaration.

denied only on the basis of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603 (2d Cir. 2005).

## II.   THE INTERESTS OF JUSTICE MERIT GRANTING VISBAL'S MOTION

The factors that support the denial of a motion to amend are absent in this case. First, Visbal has not improperly delayed in seeking to amend her Answer and Counterclaim. *See, e.g.*, *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843 (2d Cir. 1981) (permitting motion to amend following three-year delay between plaintiff's discovery of its need to amend and its eventual motion). After Visbal filed her Answer and Counterclaim on May 31, 2019, she later discovered new information that gave rise to an additional counterclaim for contributory copyright infringement. *See* Gates Decl. Ex. 1 ¶¶ 182–95. Additionally, Visbal seeks to include an affirmative defense, which has been recently raised, and further allegations, which have come to light during document review and discovery, to bolster her tortious interference with contract claim. Visbal is seeking leave of the Court to amend her Answer and Counterclaim as soon as practicable—before the Court has even had the opportunity to consider SSGA's pending partial motion to dismiss, which has not been fully briefed. As such, there is no improper delay.

Second, any perceived delay in Visbal's seeking leave to amend cannot provide a basis on which to deny Visbal's Motion "absent a showing of bad faith or undue prejudice." *State Teachers Ret. Bd.,* 654 F.2d at 856. Here, there is no evidence of bad faith or undue prejudice. Visbal is filing this Motion within 21 days of Plaintiff's service of its partial motion to dismiss at the same time that she is filing her opposition to the motion to dismiss. Any plaintiff filing a motion to dismiss would reasonably expect to face an opposition and/or a request for leave to amend.

Further, Plaintiff will not suffer any undue prejudice by virtue of Visbal's proposed amendment. In assessing whether an amendment is prejudicial to the non-moving party, courts in this Circuit "consider whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993); *see also Christians of California*, 2014 WL 3605526, at *5 ("While prejudice to the opposing party is an important consideration, only *undue* prejudice justifies denial of leave to amend." (emphasis in original)). Inclusion of the new counterclaim and affirmative defense will not necessitate additional discovery or otherwise delay resolution of Plaintiff's claims. Discovery is still ongoing, and any documents related to the contributory copyright infringement counterclaim and the affirmative defense for ambiguity will likely be swept up in Visbal's current document requests.

Moreover, the additional counterclaims and affirmative defense are closely tied to the counterclaims that Visbal has already articulated in her Answer and Counterclaim. *See Gillette Co. v. Philips Oral Healthcare, Inc.*, No. 99CIV0807LAPDF, 2001 WL 1442637, at *15 (S.D.N.Y. Nov. 15, 2001) (allowing defendant to pursue a proposed counterclaim together with its defense because it would "provide a comprehensive resolution of the controversy, avoid piecemeal litigation and result in efficient use of judicial and party resources"). Indeed, the contributory copyright infringement counterclaim is similar to Visbal's copyright infringement counterclaim, and the affirmative defense regarding ambiguity is intricately related to Visbal's breach of contract counterclaim. As such, Plaintiff will not be unduly prejudiced by the proposed amendment.

Finally, Visbal's proposed amendment is not futile. A proposed amendment is considered futile only "if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Ballard v.*

*Parkstone Energy, LLC*, No. 06 CIV. 13099 (RWS), 2008 WL 4298572, at *3 (S.D.N.Y. Sept. 19, 2008). The party opposing the motion to amend bears the burden of establishing futility. *Id.* In evaluating this factor, a court "need not finally determine the merits of a proposed claim or defense, but merely satisfy itself that it is colorable and not frivolous." *T&N plc v. Fred S. James & Co. of N.Y.*, No. 89 CIV. 7688 (CSH), 1991 WL 190581, at *2 (S.D.N.Y. Sept. 16, 1991); *see also Kaster v. Modification Sys., Inc.,* 731 F.2d 1014, 1018 (2d Cir. 1984) (if a proposed amendment "raises at least a colorable grounds for relief," leave to amend should be granted).

Visbal's proposed Second Amended Answer and Counterclaim sufficiently alleges a claim for contributory copyright infringement. It is well-settled that "one who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer." *Gershwin Pub. Corp. v. Columbia Artists Mgmt.*, Inc., 443 F.2d 1159, 1162 (2d Cir. 1971). This knowledge may be actual or constructive; turning a blind eye may also equate to knowledge. *See Arista Records LLC v. Usenet.com, Inc.*, 633 F. Supp. 2d 124, 154 (S.D.N.Y. 2009).

The proposed amendment makes clear how SSGA contributorily infringed Visbal's copyright by relocating the *Fearless Girl* statue to a new location in front of the New York Stock Exchange, knowing full well that third-parties would directly infringe Visbal's copyright by taking and posting photos of the artwork with corporate banners in the background. *See* Gates Decl. Ex. 1 ¶¶ 183–93. SSGA, a company in the financial services sector, cannot argue that it did not know that any time a company's stock begins trading on the New York Stock Exchange, a giant banner, featuring the company's name is hung on the outer façade of the building, directly in front of where SSGA placed the Fearless Girl statue; this is common knowledge in the financial industry. *Id.* ¶¶ 184–85. As SSGA was solely responsible for relocating the statue, it must have known that third-

parties would infringe Visbal's copyright by taking and posting photos with showing Fearless Girl in front of corporate logos (*id.* ¶¶ 186–93)—something that, notably, is expressly prohibited by the Master Agreement. *See* Dkt. No. 16-2 § 7(b), Ex. C. Yet, despite this prohibition in the Master Agreement, and with knowledge that Fearless Girl would be exploited in this way, SSGA still proceeded to relocate the statue and position it in a way to materially contribute to future infringements. *See* Gates Decl. Ex. 1 ¶¶ 192–93; *see also Arista Records LLC*, 633 F. Supp. 2d at 155 (noting that courts have found material contribution where a party provides the "site and facilities" or the "environment and market" for infringing activity).

Visbal's other proposed amendments are also meritorious. For example, Visbal's allegations that SSGA confirmed its knowledge of the German sales contract in February 2018, bolster her allegations of tortious interference, as described in her opposition to SSGA's partial motion to dismiss. Moreover, Visbal's affirmative defense regarding ambiguity relates to the breach does not lack merit because it relates to the breach of contract counterclaim that Visbal already articulated in her Answer and Counterclaim (*see* Dkt. No. 90), and, notably, Plaintiff did not seek leave to dismiss this counterclaim, likely because such a motion would fail. *See* Dkt. No. 98.

## **CONCLUSION**

For the foregoing reasons, Visbal respectfully requests that the Court grant her Motion for leave to file her proposed Second Amended Answer and Counterclaim.

Dated: July 22, 2019

                               Respectfully submitted,

                               /s/ Steve Mitby
                               Steve Mitby (admitted *pro hac vice*)
                               AHMAD, ZAVITSANOS, ANAIPAKOS,
                               ALAVI & MENSING P.C.
                               1221 McKinney, Suite 2500
                               Houston, Texas 77010
                               Tel.: (713) 655-1101
                               Fax: (713)-655-0062
                               smitby@azalaw.com

                               Nancy Wolff
                               Sara Gates
                               COWAN, DEBAETS, ABRAHAMS &
                               SHEPPARD LLP
                               41 Madison Avenue, 38th Floor
                               New York, New York 10010
                               Tel.: (212) 974-7474
                               Fax: (212) 974-8474
                               nwolff@cdas.com
                               sgates@cdas.com

                               *Attorneys for Defendant Kristen Visbal*

## **CERTIFICATE OF SERVICE**

I, Steve Mitby, hereby certify that on July 22, 2019, a true and correct copy of the foregoing document was served on all counsel of record who have consented to electronic service via the Court's CM/ECF system.

/s/ Steve Mitby