USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/27/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
STATE STREET GLOBAL ADVISORS         :
TRUST COMPANY,                       :
                                     :
                          Plaintiff, :
                                     :
           -against-                 :    1:19-cv-01719-GHW
                                     :
KRISTIN VISBAL,                      :    MEMORANDUM ORDER AND
                                     :           OPINION
                         Defendant.  :
-------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      The fight over Fearless Girl continues.  In a prior opinion, the Court dismissed Defendant Kristin Visbal's claims for fraudulent inducement and struck similar affirmative defenses.  Visbal repleaded fraudulent inducement as an affirmative defense.  Plaintiff State Street Global Advisors Trust Company ("SSGA") again moves to strike that defense.  Because Visbal's affirmative defense for fraudulent inducement is duplicative of her affirmative defense based on SSGA's material breach of the parties' agreements, SSGA's motion to strike her fraud-related affirmative defense is GRANTED.

## I. BACKGROUND

The Court detailed the facts and procedural history of this action in its prior opinion. *State St. Glob. Advisors Tr. Co. v. Visbal* (*SSGA I*), No. 1:19-cv-01719-GHW, 2020 WL 71162, at *4-5, *14-15 (S.D.N.Y. Jan. 3, 2020).[1] In *SSGA I*, the Court granted SSGA's motion to dismiss portions of Visbal's Second Amended Answer and Counterclaims ("SACC"). *Id.* at *14-25. As relevant to this motion, the Court granted SSGA's motion to strike Visbal's affirmative defenses based on fraudulent inducement but granted Visbal leave to replead. *Id.* at *23. In her SACC, Visbal "set[] forth two theories of fraud[:]" an "attribution" theory and a "shared goals" theory. *Id.* at *20. Visbal's "attribution" theory was that SSGA fraudulently "induced her to enter the Agreements by falsely promising to give her attribution for the Fearless Girl statue." *Id.* (citation omitted). Her "shared goals" theory was that SSGA fraudulently induced her to enter into a contractual relationship by representing that SSGA "was genuinely committed to gender diversity and women's equality" when, Visbal alleged, SSGA knew that was untrue. *Id.* (quotation omitted).

Visbal chose not to replead her counterclaims for fraud in the inducement in her Third Amended Counterclaim. Dkt No. 238. But Visbal again raised fraudulent inducement as an affirmative defense. Her Fourteenth Affirmative Defense in her Third Amended Answer states:

> The purported claims for relief in the Second Amended Complaint are barred in whole or in part because Defendant was fraudulently induced to enter into the Master Agreement, Copyright License Agreement, and Trademark License Agreement at least when SSGA falsely represented that it would provide proper attribution to Defendant and that SSGA was genuinely committed to gender diversity and women's equality.

Dkt No. 243, at 19. In her opposition to this motion, Visbal "conced[ed] that the 'shared goals' theory is not a viable basis for the fraudulent inducement defense." Opposition to Plaintiff's Motion To Strike ("Opp."), Dkt No. 252, at 2 n.1. Thus, Visbal seeks to rely exclusively on the "attribution" theory for the disputed affirmative defense.

---

[1] The Court has also resolved at least three discovery spats between the parties in oral decisions.

2

SSGA moved to strike Visbal's Fourteenth Affirmative Defense. Dkt Nos. 247-48. Visbal opposed the motion, Dkt No. 252, and SSGA replied. Dkt No. 253.

## II. LEGAL STANDARD

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). To succeed on a motion to strike an affirmative defense, a party must "show that: (1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; and (3) the plaintiff would be prejudiced by inclusion of the defense." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 96 (2d Cir. 2019) (quoting *S.E.C. v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999)). In *GEMOC*, the Second Circuit discussed the correct interpretation of these three factors.

As to the first factor, "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense[.]" *Id.* at 98 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A party asserting affirmative defenses must thus "support these defenses with some factual allegations to make them plausible." *Id.* at 99.

Courts follow a "two-pronged approach" to determine plausibility under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678) (alterations omitted). Second, a court determines "whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an entitlement to relief.'" *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). Deciding whether a complaint states a plausible claim "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. To satisfy the "plausibility" requirement, the plaintiff must plead facts that permit a court "to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). While a court must accept material allegations in a complaint as true, the court need not accept conclusory allegations. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995).

In *GEMOC*, the Second Circuit reiterated that "applying the plausibility standard to any pleading is a 'context-specific' task." 918 F.3d at 98 (quoting *Iqbal*, 556 U.S. at 679). When "an affirmative defense, rather than a complaint, is at issue . . . [t]his is relevant to the degree of rigor appropriate for testing the pleading of an affirmative defense." *Id.* A plaintiff "has the entire time of the relevant statute of limitations to gather facts necessary to satisfy the plausibility standard" in her complaint. *Id.* But a defendant pleading an affirmative defense ordinarily has between fourteen and twenty-one days to respond to a plaintiff's complaint. *Id.* (citing Fed. R. Civ. P. 12(a)(1)(A)(i), 15(a)(1)(B), 15(a)(3)). The Circuit noted that district courts should consider this difference when evaluating the plausibility of an affirmative defense. *Id.*

The *GEMOC* court also held that "the relevant context will be shaped by the nature of the affirmative defense." *Id.* "For example, the facts needed to plead a statute-of-limitations defense will usually be readily available[.]" But "the facts needed to plead an ultra vires defense . . . may not be readily known to the defendant." *Id.* The latter "circumstance warrant[s] a relaxed application of the plausibility standard." *Id.*

As to the second factor, *GEMOC* held that "an affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." *Id.*

As to the third factor, whether prejudice is "a basis for dismissing or opposing the addition of an otherwise valid affirmative defense will normally depend on when the defense is presented." *Id.* "A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation." *Id.* "On the other hand,

4

prejudice may be considered and, in some cases, may be determinative, where a defense is presented beyond the normal time limits of the Rules, especially at a late stage in the litigation, and challenged by a motion to dismiss or opposed by opposition to a Rule 15(a) motion." *Id.* at 99.

Visbal's affirmative defense must also satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See, e.g.*, *Yurman Design, Inc. v. Chaindom Enters.*, No. 99 Civ. 9307 (JFK), 2000 WL 897141, at *3 (S.D.N.Y. July 5, 2000) ("Defendants must plead their affirmative defenses alleging fraud with the particularity required by Fed. R. Civ. P. 9(b)."). That rule requires that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy this requirement, the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007) (citation omitted). "Allegations that are conclusory or unsupported by factual assertions are insufficient." *Id.* (citation omitted).

### III. DISCUSSION

The Court strikes Visbal's fourteenth affirmative defense because it fails to satisfy the requirements for a fraudulent inducement claim. To plead fraudulent inducement as an affirmative defense, a "party must allege: (i) a material misrepresentation of a presently existing or past fact; (ii) an intent to deceive; (iii) reasonable reliance on the misrepresentation by appellants; and (iv) resulting damages." *SSGA I*, 2020 WL 71162, at *19 (quoting *Johnson v. Nextel Commu'ns, Inc.*, 660 F.3d 131, 143 (2d Cir. 2011)); *see also Wild Bunch, SA v. Vendian Entm't, LLC*, No. 17 Civ. 1383 (JSR), 2018 WL 1365690, at *3-4 (S.D.N.Y. Feb. 26, 2018) (striking affirmative defense based on fraudulent inducement because the defendant did not adequately plead elements of fraudulent inducement).

To plead a claim for fraudulent inducement, the party must also "(i) demonstrate a legal duty separate from the duty to perform under the contract; or (ii) demonstrate a fraudulent misrepresentation collateral or extraneous to the contract; or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages." *SSGA I*, 2020 WL 71162, at *20 (quoting *Bridgestone/Firestone v. Recovery Credit Servs.*, 98 F.3d 13, 20 (2d Cir. 1996)). In *SSGA I*, the Court dismissed most of Visbal's claims and struck her affirmative defenses for fraudulent inducement because Visbal failed to adequately plead that the statements underlying those claims and defenses were false or material. *See id.* at *19-23. But the Court held that one of the statements undergirding Visbal's attribution theory satisfied all four elements of a fraudulent inducement claim. *Id.* at *20-21. Yet the Court still dismissed Visbal's claims and defenses because she satisfied none of the *Bridgestone/Firestone* requirements. *Id.* at *22. Visbal now argues that New York law does not require a party to satisfy one of the *Bridgestone/Firestone* requirements to plead an affirmative defense. *See* Opp. at 3 (citing *United States Fid. & Guar. Co. v. Delmar Dev. Partners, LLC*, 803 N.Y.S.2d 254, 259 (3d Dep't 2005)).[2]

Visbal's argument lacks merit. There is no persuasive reason that the *Bridgestone/Firestone* requirements should not apply to the pleading of an affirmative defense.[3] Visbal relies on the Third

---

[2] Visbal's Third Amended Answer also does not plead her fraudulent inducement defense with sufficient particularity as required by Rule 9(b). Visbal concedes that the paragraphs in her SACC that outlined the basis for her fraudulent inducement defense—and do allege fraud with sufficient particularity—were "inadvertently excluded" from her Third Amended Answer and Third Amended Counterclaim. Opp. at 4. That was sloppy. Yet the Court likely would have granted Visbal leave to amend to include the allegations she pleaded in the SACC. It would thus serve no practical purpose to strike Visbal's defense on that ground. Visbal's claim is also inadequate on the merits, so the Court strikes the defense on an alternative ground.

[3] Visbal arguably seeks untimely reconsideration of the Court's decision to strike her affirmative defenses for fraudulent inducement in *SSGA I*. Visbal had fourteen days to seek reconsideration of *SSGA I*, which was decided on January 3, 2020. *See* Local Civil Rule 6.3 ("[A] notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion[.]"). Visbal missed that deadline. Even if timely, the standard of review for motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703 (JGK), 2017 WL 1968296, at *1 (S.D.N.Y. May 11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). So reconsideration should be granted only when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

Department's decision in *Delmar*, but a more recent New York Appellate Division case held that a defendant's fraudulent inducement defense was "without merit" because the defendant's "allegations supporting his defense of fraudulent inducement sound in failure to perform promises of future acts, which amounts simply to breach of contract" and the defendant did "not allege that plaintiff breached any duty owed him separate and apart from the contractual duty." *Hotel 71 Mezz Lender LLC v. Mitchell*, 880 N.Y.S.2d 67, 69 (1st Dep't 2009). That accords other cases in this district that have simultaneously dismissed fraud-related counterclaims and affirmative defenses for meeting none of the *Bridgestone/Firestone* requirements. *See, e.g.*, *Sony Music Entm't Inc. v. Robison*, No. 01 CIV 6415 (LMM), 2002 WL 272406, at *2, *7 (S.D.N.Y. Feb. 26, 2002) (striking affirmative defense sounding in fraud to the extent that the defense rested on facts alleged in counterclaim for fraudulent inducement).[4]

*Delmar* is also distinguishable.[5] There, the defendant's proposed fraudulent inducement

---

manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)) (quotation marks omitted). The Court has not subjected Visbal to that high standard of review because Visbal did not present the argument that an affirmative defense for fraudulent inducement is not subject to the *Bridgestone/Firestone* requirements in her briefing in *SSGA I*. And Visbal may not have foreseen that the *Bridgestone/Firestone* requirements would play a decisive role in the Court's decision. *But see Stone v. Theatrical Inv. Corp.*, 80 F. Supp. 3d 505, 506 (S.D.N.Y. 2015) (noting that a motion for reconsideration is "neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced"). Thus, although the Court could properly subject Visbal's motion to the exacting standard of review for motions for reconsideration, it has chosen instead to consider Visbal's arguments on the merits.

[4] *Cf. Secured Worldwide LLC v. Kinney*, No. 15 Civ. 1761 (CM), 2015 WL 1514738, at *16-17, *21 (S.D.N.Y. Apr. 1, 2015) (striking a defendant's fraud in the inducement affirmative defense on plaintiff's motion for preliminary injunction because "a claim for fraud predicated on a breach of contract cannot be asserted simply because a party did not intend to honor its express contractual agreement" and because the fraudulent inducement claims undergirding the defense "sound squarely in breach of contract and not in fraud" because "each and every one of the[] alleged misrepresentations concerns the terms of an alleged contract between" the parties (citation omitted)); *Camofi Master LDC v. Coll. P'ship*, 452 F. Supp. 2d 462, 476 (S.D.N.Y. 2006) (holding, on a motion for summary judgment, that a defendant's fraudulent inducement affirmative defense "fail[ed] because it [was] not based on a misrepresentation of existing fact," but representations concerning future performance, and thus "amounts to nothing more than a breach of contract claim").

[5] Visbal also cites *Xcellence, Inc. v. Arkin Kaplan Rice LLP*, No. 10 Civ. 3304 (HB), 2011 WL 1002419, at *4 (S.D.N.Y. Mar. 15, 2011). That case is distinguishable. There, the court held that "a *defendant's* recovery for a fraudulent inducement or fraud should [not] be barred simply because the *plaintiff* seeks recovery in contract[.]" *Id.* (emphasis added). That principle is irrelevant to Visbal's claims in this case. *Xcellence* is also distinguishable because the defendant "denie[d] that a contract ever existed" between the parties, so the defendant did not seek to recover both in tort and in contract. *Id.* Instead, the defendant "argue[d] only that if such a contract did in fact exist, [the plaintiff] should be liable for fraudulent inducement and fraud." *Id.* Thus, *Xcellence* does not stand for the proposition that the *Bridgestone/Firestone* requirements do not apply to the pleading of an affirmative defense based on fraudulent inducement.

7

defense depended on activity that occurred before the parties signed the agreement. *See Delmar*, 803 N.Y.S.2d at 258.[6] But here, Visbal's alleged defense for fraudulent inducement mirrors language in the parties' agreements. *See SSGA I*, 2020 WL 71162, at *22. Indeed, Visbal pleads as an affirmative defense that SSGA's claims are barred by SSGA's material breach of the parties' agreements. Dkt No. 243, at 18 (Tenth Affirmative Defense). So unlike the defendant in *Delmar*, Visbal's affirmative defense for fraudulent inducement is duplicative of her breach-of-contract defense. That is what the *Bridgestone/Firestone* requirements are designed to prevent. In any event, *Mitchell* is more recent authority that applies the *Bridgestone/Firestone* requirements to the pleading of an affirmative defense.[7] Visbal's affirmative defense for fraudulent inducement is legally insufficient.

**IV. CONCLUSION**

Because Visbal has failed to satisfy the *Bridgestone/Firestone* requirements, SSGA's motion to strike her fourteenth affirmative defense is GRANTED. The Court denies Visbal leave to replead. Any further amendment by Visbal would likely be futile and "[w]here it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend." *Apotex Inc. v. Acorda Therapeutics, Inc.*, 823 F.3d 51, 62 (2d Cir. 2016) (quoting *Ruffolo v. Oppenheimer &*

---

[6] For the same reason, the fraudulent inducement defense at issue in *Delmar* met at least one of the *Bridgestone/Firestone* requirements because the allegedly fraudulent misrepresentation was "collateral or extraneous to the contract." *Bridgestone/Firestone*, 98 F.3d at 20. So even if *Delmar* supports the proposition that a party need not meet the *Bridgestone/Firestone* requirements to plead an affirmative defense for fraudulent inducement, the Court declines to follow that portion of the Third Department's opinion as dicta.

[7] Because Visbal's affirmative defense is legally insufficient, the Court need not address whether SSGA would be prejudiced by its inclusion. *Cf. GEMOC*, 918 F.3d at 98 ("Whether . . . prejudice[] should be a basis for dismissing or opposing the addition of an *otherwise valid* affirmative defense will normally depend on when the defense is presented." (emphasis added)). This holding might appear to diverge from *GEMOC*'s recitation of the legal standard for a motion to strike. *See id.* at 96 (holding a motion to strike should be granted when "(1) there is no question of fact which might allow the defense to succeed; (2) there is no question of law which might allow the defense to succeed; *and* (3) the plaintiff would be prejudiced by inclusion of the defense" (emphasis added)). But the only reasonable interpretation of *GEMOC* is that the implausibility of an affirmative defense is itself an adequate basis to grant a motion to strike that defense. *See id.* at 98 ("[A]n affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims."). At least in the circumstances presented here, the factors described in *GEMOC* are disjunctive, not conjunctive, and the Circuit might have used "or" instead of "and." *See* Kenneth A. Adams & Alan S. Kaye, *Revisiting the Ambiguity of "And" and "Or" in Legal Drafting*, 80 St. John's L. Rev. 1167, 1195 (2007) ("Although and expresses conjunction and or expresses disjunction, they can serve to convey the same meaning[.]" (footnote omitted)). At bottom, when an affirmative defense is legally insufficient, it serves no purpose to analyze whether its inclusion would prejudice the opposing party.

*Co.*, 987 F.2d 129, 131 (2d Cir. 1993)).  Visbal has also amended her answer three times; the current iteration is essentially unchanged from the prior iteration the Court considered in *SSGA I*.  "[W]here pleading deficiencies have been identified a number of times and not cured, there comes a point where enough is enough."  *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 397 (S.D.N.Y. 2003) (citations omitted).  We have reached that point in this case.

       The Clerk of Court is directed to terminate the motion pending at Dkt No. 247.

       SO ORDERED.

Dated:  May 27, 2020

                                                  GREGORY H. WOODS
                                               United States District Judge