<u>VIA ECF</u>

September 3, 2020

Honorable Gregory H. Woods
United States District Court Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Re:**     ***State Street Global Advisors Trust Company v. Visbal***, **Case No. 1:19-cv-1719-GHW**

Dear Judge Woods:

Pursuant to Individual Rule 2(C)(ii), the parties write regarding a dispute concerning outstanding discovery from Ms. Visbal due to her refusal to answer certain deposition questions.  The Court will recall that it already reviewed this matter and held that SSGA is entitled to re-ask Ms. Visbal questions about her past sale prices and prospective sales.  *See* Dkt. No. 156 at 23:08–25:02, 26:05–27:03 (Transcript of the November 7, 2019 Teleconference). While SSGA's preference is to reopen Ms. Visbal's deposition, in view of the pandemic, ongoing scheduling difficulties, and the focused nature of the discovery sought, SSGA proposed to Ms. Visbal's counsel that Ms. Visbal answer three interrogatories, which are reproduced below.  Ms. Visbal does not agree to answer these interrogatories or to re-open her deposition.[1]  The parties provide their respective positions below.

**<u>*Plaintiff's Position*</u>**

Last November, Your Honor determined that the questions Ms. Visbal refused to answer during her deposition "were properly made and that they should have been responded to during the deposition."  *Id*. at 24:04–06; *see also id.* at 24:16 ("these requests seek relevant information"). Your Honor also stated that the remedy for Ms. Visbal's failure to respond to these questions should "put [Plaintiff] in the position that [it] would have been had [Ms. Visbal] not frustrated the opportunity of the plaintiff to take the deposition by refusing to answer relevant questions . . . ." *Id.* at 24:18–25:02.  As to *when* Ms. Visbal would need to respond, the parties proposed waiting until after the Court decided the then-pending issue of whether Ms. Visbal was improperly withholding non-privileged documents.  *Id.* at 25:05–26:04.  Your Honor noted that this was "a reasonable suggestion by both sides."  *Id.* at 26:11–12.  Notably, Defendant's counsel advised the Court that her first preference was to provide written answers to the outstanding questions and her second preference was "a deposition in New York again after any privilege issues are resolved so that we are only presenting [Ms. Visbal] one additional time."  *Id*. at 25:23–26:04.

As the Court is aware, this case was on hiatus in February through March 12, when the parties agreed to cease work and focus on the Court-ordered mediation, which occurred on March 5.[2]  A few days later, on or around March 19–20, the COVID-19 pandemic was in full swing, hampering

---

[1] The parties certify that they have conferred in an effort to resolve this issue over a series of discussions via e-mail on August 24–27 between all counsel of record for SSGA and all counsel of record for Ms. Visbal.

[2] Dkt. No. 223.

counsels' ability to take depositions in person, and the Court granted the parties' joint request for a 60-day continuance of the expert discovery deadline.[3]  As the pandemic persisted over the next two months, the parties discussed the possibility of taking video depositions, but defense counsel insisted that in-person meetings with their experts were necessary before any depositions could take place.[4]  Consequently, the Court extended the case deadlines a second time.  Defendant's counsel only recently agreed to participate in video depositions in September, which necessitated a third extension of the case deadlines.[5]  Since depositions now appear to be going forward, SSGA proposed serving a small number of interrogatories *in lieu of* reopening Ms. Visbal's deposition. This proposal was offered as a compromise and in response to Visbal's counsel's stated preference of answering written questions.  The three interrogatories are as follows:

> **Supplemental Interrogatory No. 1**: State the sale price of each sculpted artwork of a human figure sculpted and sold by Ms. Visbal prior to March 2017, other than the Fearless Girl Statue (e.g., the sculpted artwork known as "Jessica").

> **Supplemental Interrogatory No. 2**: For each sculpted artwork of a human figure sculpted and sold by Ms. Visbal prior to March 2017, other than the Fearless Girl Statue (e.g., the sculpted artwork known as "Jessica"), state the number of reproductions Ms. Visbal has sold prior to March 2017 and the price of each reproduction.

> **Supplemental Interrogatory No. 3**: State the Identity of each Person who has inquired about purchasing a full-size, three-dimensional replica of the Fearless Girl Statue from Ms. Visbal, whether discussed with Ms. Visbal or someone representing or acting on behalf of Ms. Visbal, and their intended use of the replica.

Defendant's objection to SSGA's request for this follow-up discovery based on timing is unwarranted.  Defendant has had notice that she would have to respond to a line of inquiry as to this particular subject matter since November 7.  Defendant also knew that the reopening of Ms. Visbal's deposition would take place after the close of fact discovery given that the parties' first round of briefing on the privilege issues was not complete until just days before the fact discovery deadline.

The privilege waiver issues remained pending for over five months—largely due to delays caused by Defendant's initial unwillingness to produce all responsive documents involving Richard Curd. As the Court may recall, shortly after it compelled the production of documents on December 20, Defendant sought to file a motion for clarification regarding whether the Court's order applied to documents Defendant claimed were covered by the work product doctrine.[6]  Defendant then requested and received an extension of its briefing deadline on the clarification motion and as to the close of expert discovery due to the withdrawal of some of its counsel.[7]  An unsuccessful mediation period followed that event, which further delayed the briefing of Defendant's

---

[3] Dkt. No. 236.

[4] *See* Dkt. No. 255.

[5] *See* Dkt. No. 258.

[6] Dkt. Nos. 190–191.

[7] Dkt. Nos. 204, 214.

clarification motion.[8]  Ultimately, the Court decided Defendant's motion for clarification on April 20, and Ms. Visbal produced hundreds of additional documents involving Mr. Curd on April 29. As noted above, the pandemic was in full swing at this time and Defendant postponed depositions repeatedly.  Now that it appears the case is moving forward again, SSGA respectfully requests that the Court compel Ms. Visbal to provide the testimony she previously refused to provide.  SSGA notes that it is unfortunate that this previously-decided issue has to be brought to the Court's attention again.

### *Defendant's Position*

Visbal is opposed to answering three additional interrogatories at this late stage and on such short notice.  As noted in the letter filed on August 25, 2020 (Dkt. 257), the parties are taking five expert depositions between September 17, 2020[9] and September 30, 2020.  SSGA has opportunistically decided that now is the time to re-open their ten-month old request to serve additional interrogatories on Visbal.  Noticeably absent from SSGA's portion of the letter is that not only did SSGA request three additional interrogatories from Visbal in the midst of expert depositions, but they also demanded that Visbal respond to these questions within *seven* days.  This request is patently unreasonable.

Visbal is aware of what was said on the record on November 7, 2019, and at that time, she understood that SSGA was going to serve narrowly tailored interrogatories in lieu of another deposition, and that she would have thirty days to respond.  As of November 7th, fact discovery was still open, and Visbal anticipated that SSGA would serve these interrogatories before or at least near the discovery deadline.  However, fact discovery closed on December 3, 2019 without SSGA taking any action. Although the Court found that SSGA was entitled to the discovery, the Court did not give SSGA leave to obtain the discovery whenever it wanted and long after the discovery deadline, and it did not order Visbal to answer the interrogatories in seven days.

SSGA offers no valid excuse for its failure to serve the interrogatories after the November 7, 2019 hearing and before the close of fact discovery. SSGA also provides no valid explanation for why it waited until August 24, 2020 to raise this issue for the first time since the November 7, 2019 hearing.  SSGA cites the privilege dispute in late December, the hiatus in February and March, and the Curd work product dispute in April as purported reasons for its lack of diligence in November. These events fail to justify SSGA's extensive delay because they centered around different issues in the case, and they occurred at different times. To the contrary, the interrogatory issue was seemingly resolved as of November 7th, and yet SSGA did nothing before the December 3rd fact discovery deadline.  SSGA cites a portion of the transcript in support of its contention that the parties agreed to wait until after the privilege issues were resolved; however, the parties agreed to wait until the conclusion of that dispute in the event of a *deposition* on these topics, not for interrogatories.  (Dkt. 156, 25:05-26:12.)  Regardless, the privilege dispute was completely resolved months ago by the end of April.  Certainly, the COVID-19 pandemic has altered this case's schedule, but the issue here is not whether the pandemic prevented or delayed responding to properly served interrogatories or sitting for a noticed deposition.  Rather, the issue is whether SSGA diligently pursued the discovery it now seeks. If this discovery was actually relevant, then

---

[8] Dkt. No. 223.

[9] The parties recently rescheduled the deposition of James MacNevin for September 17, 2020.

SSGA would have pursued it much earlier.  The reality is that SSGA strategically held this card in their pocket, waited ten months to spring it on Visbal on the eve of expert depositions, and then demanded that Visbal respond in seven days.  The Court should deny SSGA's request to take this discovery because of SSGA's lack of diligence.

If the Court decides that Visbal must respond to these interrogatories, Visbal requests that the Court allow her thirty days to respond in light of the upcoming expert depositions. Visbal is an independent artist, with no administrative staff or formal systems to organize inquiries. The information requested is not readily available in a spreadsheet or other similar format, and the requests would require Visbal to personally spend significant time searching years of records to identify any responsive information.

The parties are appreciative of the Court's attention to this matter.


Respectfully submitted,


*/s/ Michael F. Autuoro*
Michael F. Autuoro
FISH & RICHARDSON P.C.
autuoro@fr.com
7 Times Square, 20th Floor
New York, NY 10036
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Attorney for Plaintiff

*/s/ Steven J. Mitby*
Steven J. Mitby
Seiler Mitby, PLLC
smitby@seilermitby.com
2700 Research Forest Drive, Suite 100
The Woodlands, Texas 77381
Telephone: (281) 419-7770
Fax: (281) 419-7791

Attorney for Defendant