November 4, 2020

VIA ECF
Honorable Gregory H. Woods
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Re:** *State Street Global Advisors Trust Company v. Visbal*, Case No. 1:19-cv-1719-GHW

Dear Judge Woods:

Under Rules 2(C) and 3(F) of this Court's Individual Rules of Practice in Civil Cases, Defendant Kristen Visbal respectfully requests permission to a file a Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and a Motion to Exclude Plaintiff SSGA's expert witnesses. Accordingly, Visbal requests a pre-motion conference.

## Motion for Summary Judgment

Visbal is entitled to summary judgment on SSGA's claims of breach of contract, anticipatory breach, and breach of the implied duty of good faith and fair dealing. First, none of Visbal's sales of *Fearless Girl* violated the terms of the Master Agreement. The most significant sale alleged in SSGA's complaint was to an Australia law firm. This customer is not a financial institution. The fact that two superannuation funds may have participated in the public events related to the unveiling of the statue is beside the point. Even if these funds were held to be financial institutions within the meaning of the Master Agreement (an issue which is in dispute), Visbal did not sell or distribute her sculpture to these entities.

SSGA's claims related to other sales are even more attenuated. SSGA contends that Visbal breached the Master Agreement in Oslo by failing to provide attribution to SSGA. However, the contract only requires Visbal to give SSGA attribution under specific circumstances that did not exist in Oslo. As for the German sale, Visbal was not required to get SSGA's approval because the sale was not to a financial institution, and it was not intended to be used in connection with gender diversity in corporate governance. None of these sales evidence any bad faith.

Visbal is also entitled to summary judgment on some of her claims for breach of contract and breach of the duty of good faith and fair dealing. SSGA has breached the Master Agreement by, *inter alia,* failing to provide Visbal with the requisite attribution when displaying the Artwork, failing to cure insufficient attribution after being provided notice of the failure, refinishing the statute without permission, using the statue in Ireland for an unauthorized purpose, refusing to participate in the required annual meeting, and ignoring the Agreement's mandatory conflict resolution procedures.

Throughout the term of the Master Agreement, SSGA has acted in bad faith by systematically attempting to exercise exclusive control over the Artwork. SSGA has also sought

to prevent use of the Artwork by anyone other than SSGA in support of the Gender Diversity Goals[1] endorsed by both parties in the Master Agreement, even though this use is permitted by the Master Agreement. More specifically, SSGA has in bad faith denied or failed to approve each proposed use of the Artwork to advance these goals submitted by Visbal for its consideration.

Visbal is entitled to summary judgment on SSGA's claims of breach of contract, anticipatory breach, and breach of the implied duty of good faith and fair dealing due to its failure in discovery to demonstrate any actual financial damage. Similarly, the evidence presented during discovery does not support SSGA's demand for consequential and exemplary damages. As to consequential damages, SSGA points to the attorneys' fees it has purportedly incurred in litigation in Australia. Yet, a party seeking consequential damages must prove that (1) the damages were foreseeable; (2) both parties contemplated such damages when the contract was made; and (3) such damages can be quantified with reasonable certainty.[2] SSGA cannot demonstrate any of these factors as a matter of law. New York law does not permit the recovery of attorneys' fees as consequential damages.[3] Further, no attorneys' fees related to the Australian action are recoverable from Visbal.[4] Finally, SSGA is not entitled to exemplary damages for Visbal's purported breaches of contract.[5] "Punitive damages are not recoverable for an ordinary breach of contract as their purpose is not to remedy private wrongs but to vindicate public rights."[6] "A private party seeking to recover punitive damages must not only demonstrate egregious tortious conduct by which he or she was aggrieved, but also that such conduct was part of a pattern of similar conduct directed at the public generally."[7] SSGA has no evidence of any egregious tortious conduct, let alone a pattern of such conduct, that would justify exemplary damages. Visbal is also entitled to summary judgment with respect to SSGA's duty of good faith and fair dealing claim because each of the alleged breaches is of a specific provision of the Agreement.

SSGA's copyright and vicarious copyright claims are also appropriate for summary judgment. SSGA bases these claims entirely on an alleged distribution "to Edward Jones," and that employees of Edward Jones took pictures with the artwork and posted them to social media, and displayed a miniature version of the artwork at an internal Edward Jones event. With regard to direct infringement, Visbal did not distribute the artwork to Edward Jones. There is uncontroverted evidence that Edward Jones does not own and did not purchase a *Fearless Girl* statuette. Instead, Visbal sold the artwork to an individual, who apparently took her statuette to an internal Edward Jones event without Visbal's knowledge or consent, where employees took pictures. Because there

---

[1] The Agreement states that the "Gender Diversity Goals" are "to support women in leadership positions, empowerment of young women, women's education, gender equality, the reduction of prejudice in the work place through education, equal pay for women, and the general well-being of women." Master Agreement, p. 1.
[2] *Lorena Intern. N. Am., Inc. v. Vican Trading*, No. 08-CV-2686, 2009 WL 1940428, at *3 (E.D.N.Y. July 2, 2009).
[3] *See, e.g., EZ Tag Corp. v. Casio America, Inc.*, 861 F.Supp.2d 181, 183 (S.D.N.Y. 2012).
[4] As of this letter, the parties in Australia have completed the liability phase of their trial and are awaiting a ruling. If SSGA loses that case, the court will have determined that its claims were meritless and SSGA would not be entitled to its attorneys' fees. If SSGA prevails, the case will proceed to a damage phase at which SSGA would be entitled to recover its fees from the losing party under Australian law.
[5] SSGA seeks exemplary damages on their claims for breach of and anticipatory breach.
[6] *See, e.g., Rocanova v. Equitable Life Assur. Socy. of the United States,* 83 N.Y.2d 603, 613 (1994).
[7] *Id.*

was no distribution to Edward Jones, Visbal did not violate the interest in the copyright the granted SSGA. Regardless, Visbal did not act intentionally, willfully, or maliciously when she sold the statuette, as Ms. Visbal informed the buyer (as she does all buyers) of impermissible uses of the statuette. As for vicarious infringement, SSGA cannot establish either of the requisite factors—that Visbal had the right and ability to control the infringing activity, or that she received a direct financial benefit from that activity.[8]

SSGA cannot prevail on its claims for trademark infringement or unfair competition and false designation of origin. These claims arise from Visbal's use of the website URL "fearlessgirl.us" and references to Fearless Girl on that site. To prevail on both claims, SSGA must demonstrate a likelihood of confusion among the consuming public or harm to a famous trademark.[9] Except for a handful of conclusory statements about "brand" dilution in an expert report, SSGA has not provided evidence to support the allegation that consumers have been or are likely to be confused by the website. SSGA's branding expert, Dr. Gosline, opines about theoretical consumer confusion and dilution of "brand equity," but fails to address the website or provide any proof of confusion.

## Motion to Exclude Experts

Visbal also requests to file a Motion to Exclude the expert testimony of SSGA's retained experts, James MacNevin and Renee Gosline. MacNevin is not qualified by knowledge, skill, experience, training, or education to opine about the definition of financial institutions and corporate governance. FED. R. EVID. 702. MacNevin is a career SSGA employee with a background in political science (not economics). His "disclosure" merely parrots statements from the CBUS and HESTA websites and is unsupported by any academic or other specialized or authoritative literature. His opinions are conclusory and his disclosure reflects insufficient knowledge, skill, and training. For this reason, his opinions are inadmissible under Rule 702.

Gosline's opinions are speculative and conclusory and therefore are irrelevant and unreliable under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 593-94 (1993). Gosline seeks to offer testimony about brand confusion and dilution with respect to SSGA's *Fearless Girl* campaign. However, her opinions are based on speculative assumptions, as she has not conducted any consumer surveys or other empirical research to validate her opinions. Further, her opinions are based primarily on SSGA documents and other input from SSGA rather than objective, scientific analysis or her own experience and training. Her opinion that Visbal disrupted SSGA's *Fearless Girl* campaign is unreliable.

---

[8] *Arista Records LLC v. Usenet.com, Inc.*, 633 F.Supp.2d 124, 156 (S.D.N.Y.2009)

[9] In assessing the likelihood of confusion, courts in this Circuit consider the "*Polaroid* factors" articulated by Judge Friendly in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir.1961). Those are: (1) the strength of the plaintiff's mark; (2) the degree of similarity between the plaintiff's and defendant's marks; (3) the competitive proximity of the products sold under the marks; (4) the likelihood that the plaintiff will bridge the gap; (5) actual confusion; (6) the defendant's good faith, or lack thereof, in adopting its mark; (7) the quality of the defendant's product; and (8) the sophistication of the plaintiff's customers. *Id.* at 495.

Respectfully Submitted,

*/s/ Steven J. Mitby*
Steven J. Mitby (admitted *pro hac vice*)
Kenna Seiler (admitted *pro hac vice*)
Megan Rapp (admitted *pro hac vice*)
Michael Ellis (admitted *pro hac vice*)
SEILER MITBY, PLLC
2700 Research Forest Drive,
Suite 100
The Woodlands, TX 77381
(281) 419-7770
(281) 419-7791
smitby@seilermitby.com
kseiler@seilermitby.com
mrapp@seilermitby.com
mellis@seilermitby.com