```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/12/2019
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
 :
STATE STREET GLOBAL ADVISORS :
TRUST COMPANY, *a Massachusetts trust* :
*company*, :
 :
 Plaintiff, :    1:19-cv-1719-GHW
 -v- :
 :
 :    ORDER
KRISTEN VISBAL, :
 Defendant. :
 :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

In the course of reviewing the parties' Local Rule 56.1 statements, the Court observes that State Street has made the representation that "SSGA filed suit against Visbal" only after "receiving Ms. Visbal's denial of her breaches." Dkt. No. 420 ¶ 519.  But in reviewing the evidence submitted in connection with the parties' motions, the Court wishes to explore State Street's contention further.  The Court understands "Ms. Visbal's denial of her breaches" in that sentence to refer to a letter sent by then-counsel for Visbal on February 14, 2019.  *See id.* ¶¶ 517–518.  And State Street initially filed this suit on February 14, 2019—the same day that it received that letter.  *See* Dkt. No. 1-1, Dkt. No. 406 ¶ 292.  In reviewing the time stamps on the email sent by Ms. Visbal with the letter attached as well as the initial filing of the case in New York state court, it appears that—contrary to State Street's assertion—the case's filing may have preceded the sending of the letter. *Compare* Dkt. No. 1-1 (showing a timestamp of 6:19 p.m.), *with* Dkt. No. 375 Ex. 203 at PDF 2 (showing a timestamp of 9:43 p.m.).

The Court notes that State Street's representation that the letter preceded the filing of the case is "[u]ndisputed" by Defendant.  Dkt. No. 420 ¶ 519.  And under Local Rule 56.1, a non-movant's failure to "specifically controvert[ ]" a statement in a movant's 56.1 statement means that the opposing party's statement is "deemed to be admitted for purposes of the motion."  Local Rule

56.1(c). But Rule 56.1 also requires that any statement "by the movant . . . must be followed by citation to evidence which would be admissible." Local Rule 56.1(d). State Street's citation in paragraph 519 of their 56.1 statement is to paragraph 100 of a declaration by John Brockelman, which does not appear to definitively support State Street's contention that it did not file suit until *after* receiving the letter from Ms. Visbal's then-counsel. *See* Dkt. No. 407 ¶ 100. And this Court is required to disregard Local Rule 56.1 assertions that are unsupported by the record and instead "independently review[ ]" that record for factual accuracy. *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003); *see also id.* at 142–43 (finding that where uncontroverted Rule 56.1 statements were unsupported by the record, it "follows that the record does not support the district court's determination" based on those uncontroverted Rule 56.1 statements and that summary judgment was inappropriate).

Accordingly, both parties are hereby ORDERED, by no later than May 16, 2023, to post separate letters on the docket stating affirmatively whether the party (a) believes that the February 14, 2023 letter was sent from Ms. Visbal's then-counsel to State Street prior to State Street's filing of the case, (b) believes that the case was filed before the letter was sent, or (c) does not have enough information to provide a record-based response to that question. If a party adopts position (a) or (b), the party is further ordered to provide a citation to any record evidence supporting their belief. Each letter should be no longer than two pages.

SO ORDERED.

Dated: May 12, 2023
      New York, New York

                                            GREGORY H. WOODS
                                          United States District Judge