UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE STREET GLOBAL ADVISORS TRUST COMPANY,<br><br>              Plaintiff,<br><br>     v.<br><br>KRISTEN VISBAL,<br><br>              Defendant. | Case No. 1:19-cv-01719-GHW |

**SSGA's MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION
<u>FOR RECONSIDERATION OF DEFENDANT'S UNCLEAN HANDS DEFENSE</u>**

SGGA respectfully moves, pursuant to Local Civil Rule 6.3, for reconsideration of the Court's ruling on Ms. Visbal's Third Affirmative Defense of unclean hands.

## Standard for Reconsideration

"Motions for reconsideration are . . . committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigration and Customs Enforcement*, No. 14-cv-6117 (JPO), 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017) (citing cases).  Reconsideration should be granted when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Robinson v. Disney Online*, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2016) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted); *see also LPD New York, LLC v. Adidas Am., Inc.,* No. 15CV6360MKBRLM, 2020 WL 9816008, at *3 (E.D.N.Y. July 24, 2020) (internal citations omitted) (explaining that reconsideration should be granted when "the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court" and granting in part plaintiff's motion for reconsideration as to its affirmative defenses to the counterclaims).

Respectfully, SSGA requests a correction of what it believes is an error in the Court's analysis of unclean hands and the basis for Ms. Visbal's assertion of this defense.  A review of relevant case law affirms that unclean hands applies only when it relates specifically to "the right at issue."  Here, the "right at issue" is the FEARLESS GIRL trademark. As such, and as previously argued, Visbal's unclean hands defense against SSGA's *trademark* claims cannot survive as a matter of law because it is based on *copyright*.

## The Unclean Hands Analysis on Summary Judgment

Prior to summary judgment briefing, Ms. Visbal's theory for her unclean hands defense was unknown. *See*, *e.g.,* Dkt. 243 at 17; Dkt. 404.  In her briefing in response to SSGA's motion for summary judgment, Ms. Visbal clarified that her third defense constituted a defense of unclean hands, which she was asserting in response to SSGA's claims for trademark infringement under the Lanham Act (i.e., SSGA's Eighth and Ninth Claims of Relief). Dkt. 439 at 79; Dkt. 404 at 29–30.  SSGA's claims are based *solely* on SSGA's ownership of the FEARLESS GIRL *word mark* and Visbal's alleged infringement of that FEARLESS GIRL *word mark*. *See, e.g.,* Dkt. 404, at 29-30; *see also*, Dkt 237.[1]  In particular, and succinctly stated, SSGA alleged that Ms. Visbal infringed SSGA's registered and common law trademark rights through improper use of the FEARLESS GIRL word mark in connection with her website.[2]

As stated by Ms. Visbal, her unclean hands defense is based on a theory that SSGA commercially exploited copies of the Fearless Girl *artwork*:

> The undisputed evidence demonstrates that SSGA has "unclean hands" with respect to its claims for equitable and declaratory relief under the Lanham Act. SSGA engaged in "inequitable conduct or bad faith where [its] misconduct has a material relation to the equitable relief that [it] seeks." . . . SSGA has repeatedly infringed on uses and rights to Fearless Girl reserved to Visbal under the Master Agreement. In violation of Master Agreement §§ 3(a), 4(e), SSGA created three dimensional keychains, pins, and necklace pendants to distribute to clients and employees. D. 56.1 Resp. ¶¶ 412-421. It created logo "treatments" of Fearless Girl on t-shirts and on the sailboat of its CEO in violation of section 3(c). *Id.* ¶¶ 416, 418. SSGA authorized third parties to use Fearless Girl in videos and "photo opps" fully aware that it did not have the right to unilaterally authorize those uses. *Id.* ¶¶ 424-425. And SSGA falsely claimed to the DOT that it jointly owned the intellectual property to Fearless Girl. *Id.* ¶¶ 322-23, 329.

Dkt. 404 at 29–30.

---

[1] In her Opposition Motion Visbal does not address any defense pertaining to a doctrine of estoppel or waiver and therefore those defenses have been forfeited. Dkt. 404.

[2] Dkt. 237 ¶¶ 93, 174-184.

The allegedly infringed "uses and rights to Fearless Girl reserved to Ms. Visbal under the Master Agreement" and sections of the Master Agreement referenced by Ms. Visbal all pertain to copyright.  Section 3(a) of the Master Agreement concerns SSGA's exclusive copyright license to the "Artwork" (defined as the work of visual art that is embodied by the Statue) and Section 4(e) concerns Ms. Visbal's right to make three-dimensional copies of the Artwork.  Ms. Visbal asserts that these sections were breached by SSGA's purported creation of three dimensional keychains, pins, and necklace pendants; none of the evidence she cites to support that these allegations refer to the FEARLESS GIRL trademark.[3]  Similarly, Section 3(c) provides that "SSGA may not use *images of the Artwork* as a 'logo'" (emphasis added), and the only alleged "logo 'treatments' of Fearless Girl" cited by Ms. Visbal relate to proposed use of "an *image* of Fearless Girl" and a "FG silo *illustration*." Dkt. 423 ¶¶ 416, 418 (emphasis added).  The purported third-party use of Fearless Girl in videos and "photo opps" also concerns "*image[s]* of Fearless Girl." *Id.* ¶¶ 424–25.  Finally, Ms. Visbal's argument concerning an alleged false claim to the DOT is based on a representation about the "intellectual property rights in the *Artwork*"—not the FEARLESS GIRL trademark. *Id.* ¶¶ 322–23, 329 (emphasis added).

In response, SSGA pointed out that Ms. Visbal could not assert a copyright-based unclean hands defense to a trademark claim:

> Visbal asserts for the first time that her **third defense** is only for unclean hands and bars SSGA's *trademark* claim because of SSGA's unrelated acts of *copyright* infringement and discussions with the DOT. These are unpled and false. In any event, this argument fails as a matter of law because these false and unpled actions are not "virtually identical," the "same" as, or materially related to Visbal's misuse of the FEARLESS GIRL trademark, which is required under *Stokely-Van Camp,*

---

[3] Instead, the purported facts and cited evidence refer to proposed uses of the Fearless Girl artwork. *See, e.g.*, Dkt. 423 ¶ 416 (relating to "mockups of an image of Fearless Girl"); *id.* ¶ 413 (relating to "Fearless Girl 3D objects"); *id.* ¶ 415 (referring to a "Fearless Girl pendant," which is shown in Second Brockelman Decl. ¶ 6 (Dkt. 424)).

*Inc. v. Coca-Cola Co.*, 646 F. Supp. 2d 510 (S.D.N.Y. 2009), the case that Visbal cites.

Dkt. 429 (emphasis in original) (footnote omitted).

On June 16, 2023 the Court issued its Opinion and Order on the parties' cross-motions for summary judgment ("Order"). Dkt. 439. In the Order, the Court held (among other things) that Ms. Visbal could maintain her Third Affirmative Defense of unclean hands. *Id.*, at 79–80. Citing *Laugh Factory Inc. v. Basciano*, 608 F.Supp.2d 549, 560 (S.D.N.Y. 2009), the Court held that Ms. Visbal's defense has a "material relation" to the relief that SSGA seeks through its trademark claims:

> While State Street owns the Fearless Girl trademark, *see* Dkt. No. 423 ¶ 50, it has exclusively licensed the trademark to Visbal for use in both "three-dimensional copies of the Statue in various mediums and sizes in connection with the offer of goods for sale ('Merchandising')," and "two-dimensional copies of the Statue in various mediums and sizes in connection with Merchandising." Trademark Agreement § 2(a). And Visbal alleges (and points to evidence) that State Street may have used the Fearless Girl logo on t-shirts, pins, and other "swag" that may have been offered for purchase. Dkt. No. 404 at 30; *see* Dkt. No. 406 ¶¶ 180–182. Given that a consumer might be confused—if State Street in fact used the logo on merchandise and offered products with the logo for sale—into thinking that Visbal's merchandising license did not exist, a reasonable jury could find that State Street's conduct infringed upon Visbal's license in an "inequitable" manner with a "material relation to the equitable relief that plaintiff seeks" through its Lanham Act claim. *Laugh Factory*, 608 F. Supp. 2d at 560. As a result, State Street's summary-judgment motion is denied as to Visbal's third affirmative defense.

Dkt. No. 439 at 79–80. Respectfully, the Trademark License Agreement (a/k/a/ the "merchandising license") relied upon by the Court is not pertinent to the analysis; nor was it a basis argued by Ms. Visbal.[4] And, even if the Court assumes that Ms. Visbal's asserted facts and arguments about SSGA's use of the artwork are true, they cannot form the basis of an unclean

---

[4] SSGA's trademark license to Ms. Visbal allows Ms. Visbal to use SSGA's FEARLESS GIRL word mark for certain purposes and under certain terms and conditions. *See* Trademark License § 2(a). The subject matter of this license is conceptually distinct from the actions asserted by Ms. Visbal.

hands defense to SSGA's trademark claims because they are not "materially related."  There is no legal basis for allowing the defense to proceed.

## The Basis for SSGA's Request for Reconsideration

It is correct that an unclean hands defense must have a "material relation" to the relief that a plaintiff seeks. *Laugh Factory Inc.*, 608 F.Supp.2d at 560.  But this "material relation" is exceedingly narrow in scope.  The Second Circuit has held that "the defense of unclean hands applies only with respect to the right in suit."  *Warner Bros. v. Gay Toys, Inc.,* 724 F.2d 327, 334 (2d Cir. 1983) (internal citation omitted).  In the trademark context, such as that here, the defense fails as a matter of law if it is based on another legal right—such as copyright.  *See e.g.*, *id.* (holding plaintiff's alleged false accusation of copyright infringement cannot bar relief of a trademark infringement claim); *see also Slep-Tone Ent. Corp. v. Granito,* No. CV 12-298 TUC DCB, 2013 WL 3816737, at *2 (D. Ariz. July 23, 2013) (rejecting trademark defendant's unclean hands defense based on plaintiff's alleged copyright infringement of third parties).

In her brief, Visbal relied on *Stokely-Van Camp* for the premise that a defendant's infringement is excused by any infringing conduct by a plaintiff, even where the infringement relates to a different subject. Dkt. 404 at 29.  But this is not the law.  In *Stokely-Van Camp,* the plaintiff asserted a false advertising claim under the Lanham Act seeking injunctive relief to remove advertisements containing misleading statements about the presence of calcium and magnesium in defendant's Powerade ION4 drink. *Stokely-Van Camp, Inc.,* 646 F. Supp. 2d at 533. The defendant's unclean hands defense was allowed because the plaintiff made *virtually identical claims about calcium and magnesium* in its own marketing for its competing Gatorade Endurance Formula. *Id*.

When asserted against a trademark claim, not only is a copyright-based unclean hands

defense inapplicable, the plaintiff's claim and asserted defense must also be based on the same trademark. *Laugh Factory, Inc. v. Basciano,* relied upon by the Court to hold that unclean hands is available "where the misconduct has a material relation to the equitable relief that plaintiff seeks" (608 F. Supp. 2d 549, 560 (S.D.N.Y. 2009)), supports this. In *Laugh Factory* the plaintiff's infringement allegations concerned use of the LAUGH FACTORY word mark and LAUGH FACTORY logo—the exact same marks that were the basis of the unclean hands defense. *Id.* at 554–560.

By relying only on *Laugh Factory*, a case where the alleged misconduct unquestionably had a "material relation" to the Lanham Act claim because both the claim and defense were based on the same trademarks, and therefore the issue present here was not in dispute, the Court overlooked important law on unclean hands in the trademark infringement context. Dkt. 439. In particular, to constitute unclean hands, the "alleged infringer's conduct must directly relate to the ***trademark that is the subject matter of the lawsuit***." 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 31:49 (5th ed.) (emphasis added); *see, e.g., 1-800 Contacts, Inc. v. Lens.com, Inc.,* 722 F.3d 1229, 1255 (10th Cir. 2013) ("[T]he plaintiff's misconduct is sufficiently related to the cause of action when the plaintiff has acted inequitably toward the defendant *in relation to the trademark.*" (internal citation omitted) (emphasis in original) (affirming rejection of an unclean hands defense where the defendant accused plaintiff of infringing trademarks belonging to defendant and unrelated third parties). Importantly, "[t]he plaintiff's alleged infringement of a ***different trademark*** does not furnish grounds for an unclean hands defense." 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 31:48 (5th ed.) (emphasis added). *See also Flow Control Industries Inc. v. AMHI Inc.,* 278 F. Supp. 2d 1193, 1198 (W.D. Wash. 2003) (rejecting defense on summary judgment as "without merit" because "[t]he doctrine of unclean hands would

preclude enforcement of a trademark only if plaintiff's wrongdoing related to the getting or using of ***the trademark rights*** that plaintiff was attempting to enforce" and noting that "[t]he fact that plaintiff may have infringed defendants' AMFLOW trademark has nothing to do with the manner in which plaintiff obtained or used its SKOFLO mark").[5]

Ms. Visbal's unclean hands defense is improper for the additional reason that even if SSGA engaged in the conduct Ms. Visbal alleges, it would merely be exercising its legal rights.  If, as the Court considered, SSGA used a "logo" image of the Fearless Girl artwork on t-shirts and other "swag" and offered them for sale (which never occurred), such use would not breach Section 3(c) of the Master Agreement since Ms. Visbal has not alleged or argued—and has no evidence—that the artwork was used "consistently with SSGA's corporate name, goods, or services to identify SSGA as the source of such goods or services." Master Agreement § 3(c); *see generally* Dkts. 396, 401.  Such use also would not infringe upon Ms. Visbal's trademark license to the FEARLESS GIRL trademark because, as discussed above, Ms. Visbal does not allege that SSGA used the FEARLESS GIRL word mark improperly.

Because Ms. Visbal has no evidence to support her allegations of breach of Section 3(c) and did not allege or argue infringement of her licensed trademark rights, SSGA's alleged use of a Fearless Girl "logo" on t-shirts and other swag simply does not rise to the level of bad faith conduct required under the doctrine of unclean hands.  *See Jackson v. Odenat*, 9 F. Supp. 3d 342, 364 (S.D.N.Y. 2014) (holding that bad faith conduct in an unclean hands defense *must* include fraud or deceit and striking the defense where "[n]one of the alleged conduct has anything to do with Plaintiffs' acquisition or use of the trademark).

---

[5] The narrow application of this defense applies outside of the trademark context too. *See Specialty Mins., Inc. v. Pluess-Staufer AG, 395* F. Supp. 2d 109, 113–14 (S.D.N.Y. 2005) (allegations of patent infringement of a *differen*t patent and unfair competition was not sufficiently related to underlying patent infringement case).

## Conclusion

Visbal's affirmative defense theory fails as a matter of law because the alleged "inequitable" conduct does not materially relate to SSGA's FEARLESS GIRL trademark. As such, SSGA respectfully requests the Court reconsider SSGA's argument that Ms. Visbal cannot use a copyright-based unclean hands theory as a defense to a SSGA's trademark claims and its prior decision on Ms. Visbal's Third Affirmative Defense of unclean hands.

June 30, 2023                                         Respectfully submitted,

                                                      **FISH & RICHARDSON P.C.**

                                        By:   */s/ Kristen McCallion*
                                              Kristen McCallion
                                              mccallion@fr.com
                                              John S. Goetz
                                              goetz@fr.com
                                              Michael F. Autuoro
                                              autuoro@fr.com
                                              Vivian Cheng
                                              cheng@fr.com
                                              Fish & Richardson P.C.
                                              7 Times Square, Floor 20
                                              New York, NY 10036
                                              Tel: (212) 765-5070

                                              *Attorneys for Plaintiff State Street Global*
                                              *Advisors Trust Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2023, a true and correct copy of the foregoing document was served on counsel of record who have consented to electronic service via the Court's CM/ECF system.

Dated: June 30, 2023

*/s/ Kristen McCallion*
Kristen McCallion