UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STATE STREET GLOBAL ADVISORS TRUST COMPANY,

              Plaintiff,

-against-

KRISTEN VISBAL,

              Defendant.

19 Civ. 1719 (GHW)

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Emery Celli Brinckerhoff Abady Ward & Maazel LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

i

**STATE STREET'S MOTION REHASHES THE SAME LOSING ARGUMENTS**

There is no new evidence, change in controlling law, or clear error in the Court's prior decision on summary judgment that can justify the reconsideration sought by State Street Global Advisors ("State Street" or "SSGA"). State Street's argument—that its alleged copyright misuse cannot serve as unclean hands for a trademark infringement claim—was already presented to and rejected by this Court. The Court found sufficient evidence to support State Street's misuse of *trademark rights* (not copyright), and Ms. Visbal presented evidence that State Street engaged in misuse of the Fearless Girl *trademark* (not copyright).

Because the motion is merely an attempt to relitigate issues already decided by the Court, it does not meet the reconsideration standard and the Court should deny it entirely.

**I.      STATE STREET ALREADY MADE THIS ARGUMENT**

In her opposition to State Street's motion for summary judgment, Ms. Visbal cited evidence that supported State Street's misuse of the Fearless Girl *trademark* and its infringement "on uses and rights to Fearless Girl reserved to Visbal under the Master Agreement." Visbal Opp. to State Street Mot. for Summ. J at 30, Dkt. 404 (citing Def.'s Response to Pl.'s Statement of Material Facts and Counterstatement of Material Facts pursuant to L.R. 56.1 ("Def. 56.1 Resp.") ¶¶ 322-323, 329, 412-421, 424-425, Dkt. 396).

In its reply in further support of summary judgment, State Street did not address whether its conduct constituted misuse of trademark rights, but instead advanced the same argument that it does here. State Street characterized Visbal's allegations and evidence as copyright infringement, and argued that an unclean hands defense to "SSGA's trademark claim" cannot be based on "SSGA's **unrelated acts of copyright infringement and discussions with the DOT**" because these "actions are not 'virtually identical,' the 'same' as, or materially related to Visbal's misuse of the FEARLESS GIRL trademark, which is required under *Stokely-Van Camp, Inc. v. Coca-Cola*

1

*Co.*, 646 F. Supp. 2d 510 (S.D.N.Y. 2009), the case that Visbal cites." Pl.'s Reply in further support of Mot. for Summ. J. at 10, Dkt. 429 (emphasis added); *see also* Pl.'s Mot. for Reconsideration ("Br.") at 6, Dkt. 447 ("the defense fails as a matter of law if it is based on another legal right—**such as copyright.**") (emphasis added).

The Court considered and rejected State Street's argument that Visbal's unclean hands defense was based solely upon alleged copyright infringement. The Court correctly held that there was evidence of State Street's misuse of *trademark* rights, and this misuse of *trademark* rights could support an unclean hands defense to a trademark infringement claim.

> While State Street owns the Fearless Girl trademark, *see* Dkt. No. 423 ¶ 50, it has **exclusively licensed the trademark** to Visbal for use in both "three-dimensional copies of the Statue in various mediums and sizes in connection with the offer of goods for sale ('Merchandising')," and "two-dimensional copies of the Statue in various mediums and sizes in connection with Merchandising." Trademark Agreement § 2(a). And Visbal alleges (and points to evidence) that State Street may have used the Fearless Girl logo on t-shirts, pins, and other "swag" that may have been offered for purchase. Dkt. No. 404 at 30; *see* Dkt. No. 406 ¶¶ 180–182. Given that a consumer might be confused—if State Street in fact used the logo on merchandise and offered products with the logo for sale—**into thinking that Visbal's merchandising license did not exist**, a reasonable jury could find that State Street's conduct infringed upon Visbal's license in an "inequitable" manner with a "material relation to the equitable relief that plaintiff seeks" through its Lanham Act claim. *Laugh Factory*, 608 F. Supp. 2d at 560.

Summ. J. Order at 80, Dkt. 439 (emphasis added). The Court did *not* hold, as State Street pretends, that the unclean hands defense to a trademark infringement claim could by supported by evidence of copyright infringement. Instead, the Court correctly identified the applicable rule, assessed the evidence presented by both parties, and held that sufficient evidence of State Street's inappropriate use of the *trademark* (not copyright) existed to support an unclean hands defense.

## II.   STATE STREET DOES NOT MEET THE LEGAL STANDARD

"Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly." *Ortega v. Mutt*, No. 14-cv-9703, 2017 WL 1968296, at *1 (S.D.N.Y. May

2

11, 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 800 F. Supp. 2d 571, 572 (S.D.N.Y. 2011)). "A motion for reconsideration should be granted **only** when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (emphasis added, quotation omitted). A motion for reconsideration "may not be used to advance new facts, issues[,] or arguments not previously presented to the Court, nor may it be used as a vehicle for re-litigating issues already decided by the Court." *R.B. ex rel. A.B. v. Dep't of Educ. of City of N.Y.*, No. 10-cv-6684, 2012 WL 2588888, at *3 (S.D.N.Y. July 2, 2012) (omitting quotation). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

      State Street identifies no change in controlling law, no new evidence, and no clear error by the Court. State Street does nothing more than use its motion, Br. at 6-8, to "discuss[] and analyze cases that [it] either merely included cites to, or did not cite at all, in [its] original motion papers." *Hayles v. Advanced Travel Mgmt. Corp.*, No. 01-cv-10017, 2004 WL 117597, at *1 (S.D.N.Y. Jan. 26, 2004) (denying motion for reconsideration). These cases and treatise citations, however, do not compel a different conclusion than the one already reached by the Court. State Street therefore fails to meet the strict standard for reconsideration: it "seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.  Like the vast majority of reconsideration motions, State Street's should be denied because "[t]he Second Circuit has stated that '[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied.'" *Mahmud v. Kaufmann*, 496 F. Supp. 2d 266, 270 (S.D.N.Y. 2007) (quoting *Shrader*, 70 F.3d at 257) (alterations in *Mahmud*)).

3

### III. THE COURT'S RULING WAS CORRECT

State Street acknowledges that both the Court and Ms. Visbal cited the correct legal standard for an unclean hands defense. Br. at 6-7. "To sustain an unclean hands defense, a defendant must show that the plaintiff has engaged in 'inequitable conduct or bad faith where the misconduct has a material relation to the equitable relief that plaintiff seeks.'" *See Stokely-Van Camp, Inc. v. Coca-Cola Co.*, 646 F. Supp. 2d 510, 533 (S.D.N.Y. 2009) (citing *Laugh Factory Inc. v. Basciano*, 608 F.Supp.2d 549, 560 (S.D.N.Y.2009)). As *Stokely-Van Camp* explains, a "material relation" means that "the plaintiff has engaged in the same kind of behavior that it challenges." 646 F. Supp. 2d at 533–534 (citing cases). In the trademark infringement context, the "alleged unclean hands must relate to [plaintiff's] *acquisition or use of the [] trademark*, and does not apply to issues which are collateral to the infringement litigation." *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 82 F. Supp. 2d 126, 131 (S.D.N.Y. 1999) (emphasis added).

There is sufficient evidence to support a defense that State Street acted inequitably with respect to both the acquisition and use of the Fearless Girl *trademark*.

#### A. SSGA Acted Inequitably in its "Use" of the Fearless Girl Mark.

First, the Court correctly held that there was sufficient evidence to support a finding that SSGA had acted with unclean hands in its "use" of the trademark at issue here, *i.e.*, the Fearless Girl mark. A jury could find that SSGA used the Fearless Girl mark on t-shirts, pins, and other "swag" that it offered for purchase. *See* Summ. J. Order at 80 (citing Dkt. No. 404 at 30; Dkt. No. 406 ¶¶ 180–182).

The two-dimensional and three-dimensional merchandise that SSGA created contained the Fearless Girl *word mark* on the items. For example, an SSGA employee explained, "We are producing a key ring (using a photo), notepad and umbrella **with #FearlessGirl on**." Maazel Ex. 120 at SSGA00231213, Dkt. 397-120 & 375-120 (emphasis added). Another set of SSGA

4

employees met to discuss "Fearless Girl merch" that would be promoted through "hubs like Marketplace," including "add[ing] a ***specific line item in the latter's catalog for FG***." Maazel Ex. 129 at SSGA00171838, Dkt. 397-129 & 375-129 (emphasis added).[1] A jury could find that adding a line item in a catalog for Fearless Girl merchandise would require using the Fearless Girl *word mark* in addition to the image of the artwork. SSGA employees also discussed the placement of not only an image but also the name "Fearless Girl" on the hull of the CEO's sailboat. Maazel Ex. 123 at SSGA00007332-7333, Dkt. 397-123 & 375-123; Maazel Decl. Ex. 124 at SSGA00045201, Dkt. 397-124 & 375-124. A jury could easily find based on this evidence that State Street misused the Fearless Girl "word mark," not simply the Fearless Girl "artwork," as State Street claims. Br. at 4.

As the Court recognized, Visbal holds an exclusive trademark license to engage in this activity, not SSGA. *See* Summ. J. Order at 80, Dkt. No. 439 (noting that the Trademark Agreement Section 2(a) provides Visbal the exclusive trademark license to engage in "Merchandising"). As a result, when SSGA used the Fearless Girl mark in combination with its offer of two-dimensional and three-dimensional items for sale, it infringed on Visbal's exclusive *trademark* license and SSGA improperly used *trademark* rights. SSGA, at bottom, engaged in activity *with the Fearless Girl mark* on merchandise that could confuse a consumer "into thinking that Visbal's merchandising license did not exist." *Id.* The use of the Fearless Girl word mark, in conjunction with offering goods and services for sale, is the exact conduct that is the basis for SSGA's trademark infringement claim against Visbal. Visbal must be allowed to show

---

[1] SSGA claims that the "Marketplace" referenced in this email is not Facebook Marketplace, but rather than "an internal online marketplace" that only SSGA employees could access. See Second Brockelman Decl. ¶ 10, Dkt. 424. Nonetheless, SSGA has not disputed that items were offered for sale on the internal marketplace. *Id.*

5

that SSGA itself improperly used the Fearless Girl word mark alongside an offer of goods for sale, and thus has unclean hands.

State Street's motion is premised on an untenable double standard. State Street's trademark infringement claim is predicated on Ms. Visbal's alleged registration of web domain names using the Fearless Girl mark *and* her alleged use of these domains in a manner likely to create confusion because the websites cite to the same or similar gender diversity studies that SSGA discussed in promotional material for the Fearless Girl campaign. *See* Summ. J. Order at 61. If that theory is viable, so too is Ms. Visbal's defense that State Street committed trademark infringement by using the Fearless Girl word mark on items offered for sale, including those with the Fearless Girl image. *Id.* (citing *Gen. Elec. Co. v. Fuez Manufacturing, Inc.*, No. 07-cv-1008, 2008 WL 11355394 (N.D.N.Y. May 15, 2008)); *Gen. Elec. Co.*, 2008 WL 11355394 at *4 (recognizing Lanham Act claim based on [the defendant's] alleged misrepresentation to [certain] customers that it was authorized to sell and/or distribute" certain items).

At bottom, State Street's arguments in its motion for reconsideration reveal the infirmity of its trademark infringement claim. That claim—and the likelihood of consumer confusion—rests upon Ms. Visbal's websites containing citations and links to a few publicly-available third-party research studies on gender diversity. *See* Summ. J. Order at 61. The use of publicly-available third-party research studies cannot serve as a basis for consumer confusion. At least one court has rejected consumer confusion in a far closer case—where the defendant not only used the plaintiff's registered mark, but also used those marks with *protected* images and likenesses. In *Disney Enterprises, Inc. v. Sarelli*, 322 F. Supp. 3d 413 (S.D.N.Y. 2018), the defendant company provided costumed characters for private parties and corporate events. Not only did the defendant use Disney's trademarks on its websites to promote its services, but also

6

posted videos of costumed performers on its website that used protected images and likenesses of Disney characters. *Id.* at 425. The district court rejected the trademark infringement, finding no evidence of consumer confusion. *Id.* at 439. If this activity—using the Disney trademarks with *protected* images and likenesses of Disney characters—did not constitute trademark infringement, it is hard to see how Ms. Visbal's use of the Fearless Girl mark with *publicly-available* third-party research studies can do so.

### B. SSGA Acted Inequitably in its "Acquisition" of the Fearless Girl Mark.

Second, SSGA acted inequitably in its "acquisition" of the Fearless Girl mark. *See Stokely-Van Camp, Inc.*, 646 F. Supp. 2d at 533–34. Visbal submitted evidence in support of her motion for summary judgment, and in opposition to SSGA's motion for summary judgment, showing: that SSGA claimed, falsely, that it jointly owned the intellectual property rights in the Fearless Girl statue when it signed a Maintenance Agreement with the New York City Department of Transportation ("DOT") on April 2, 2017, *see* Def. 56.1 Resp. ¶¶ 322-329;[2] that SSGA hid its misrepresentation from Visbal when it refused to provide a copy of the Maintenance Agreement to her, *id.* ¶ 330; that, because of SSGA's false representation of possessing intellectual property rights in Fearless Girl, DOT refused to permit Visbal to conduct a 3-d scan of the statue, *id.* ¶¶ 332-333; and that SSGA then used Visbal's need to engage in a 3-d scan of the statue to negotiate the Master Agreement, under which Visbal agreed to withdraw her trademark application and recognized SSGA's application for and registration of a trademark in the Fearless Girl mark. *Id.* ¶¶ 331-335, 353; *see also* Def.'s Rule 56.1 Statement of

---

[2] It is undisputed that SSGA did not possess the right to the "Fearless Girl" word mark at the time SSGA signed the Maintenance Agreement. Both SSGA and Ms. Visbal submitted applications to register the "Fearless Girl" mark in March 2017. *See* Def. 56.1 Resp. ¶ 304; Dkt. 407 at ¶ 27. The U.S. Patent and Trademark Office did not register the mark to SSGA until April 16, 2019, *two years after the Maintenance Agreement had been signed*. Dkt. 381-11 at SSGA00225612 (noting "Registered Apr. 16, 2019"). Indeed, the registration certificate notes that the mark's first use in commerce did not occur until November 15, 2018. *Id.*

7

Undisputed Material Facts, in support of Def.'s Mot. for Summ. J. ¶¶ 84-97, 115, Dkt. 371. SSGA acted deceptively and improperly in its acquisition of the very "word mark" that is the right at issue for SSGA's trademark infringement claim. *See* Br. at 3. This evidence provides a sufficient basis for a factfinder to conclude that SSGA acted with unclean hands with respect to its "acquisition" of the Fearless Girl mark.

### C. SSGA Used the Fearless Girl Image Beyond the Scope of the Master Agreement.

SSGA asserts in its motion for reconsideration that the unclean hands defense fails for an additional reason: that its use of a "logo" image of the Fearless Girl artwork on t-shirts and other "swag" did not violate Master Agreement § 3(c) because SSGA did not use the artwork "consistently with SSGA's corporate name, goods, or services to identify SSGA as the source of such goods or services." Br. at 8. SSGA is flatly wrong. First, as described *supra*, there is sufficient evidence that SSGA used the Fearless Girl *word mark*, not just the logo image, in connection with its offer of two-dimensional and three-dimensional items for sale.

Second, even focusing on SSGA's use of the Fearless Girl *image* alone, SSGA consistently used that image alongside its corporate name and logo to identify SSGA as the source of financial services and products. *See* Dkt. 397-119 at SSGA00236986 (Fearless Girl image contained in graphic in SSGA email signature block alongside text "Find out more about Active Stewardship on ssga.com"); Dkt. 397-120 at SSGA00231213 (same); Dkt. 381-27 at SSGA00339236 (SSGA brochure regarding its gender diversity ETF containing Fearless Girl image along with SSGA name and logo); Def.'s 56.1 Resp. ¶¶ 81-82 (unveiling of Fearless Girl in front of SSGA backdrop; electronic billboard with Fearless Girl image alongside SSGA name); Dkt. 381-51 (Fearless Girl image alongside SSGA logo and name on its website); Dkt. 381-50 (video showing Fearless Girl alongside SSGA logo and name); Dkt. 381-48 at

8

SSGA00139858 ("Promotion on LinkedIn and Twitter will include **photos and video from [unveiling] ceremony** and hero shots with view of NYSE **and branded signs**") (emphasis added).

## CONCLUSION

State Street advances "repetitive arguments already considered by the Court"—but motions for reconsideration are not meant to be "a second bite at the apple for a party dissatisfied with a court's ruling." *See In re Methyl Tertiary Butyl Ether Prod. Liab. Litig.*, No. 00-cv-1898, 2008 WL 2882543, at *1–2 (S.D.N.Y. June 4, 2008) (denying motion for reconsideration). State Street utterly fails to meet the high bar for reconsideration of the Court's summary judgment order that already reviewed and rejected these arguments. SSGA's motion for reconsideration must be denied.

Dated: July 12, 2023
    New York, New York

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
         /s/
Ilann M. Maazel
Zoe Salzman
Vasudha Talla
David Berman
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000
*Attorneys for Defendant Kristen Visbal*

9