UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE STREET GLOBAL ADVISORS TRUST COMPANY,<br><br>     Plaintiff,<br><br>  v.<br><br>KRISTEN VISBAL,<br><br>     Defendant. | Case No. 1:19-cv-01719-GHW |

**SSGA's REPLY IN SUPPORT OF ITS MOTION
FOR RECONSIDERATION OF DEFENDANT'S UNCLEAN HANDS DEFENSE**

It is now clear that the parties agree on the law. An unclean hands defense asserted in response to a trademark infringement claim *must* allege inequitable conduct related to the acquisition or use of the trademark *asserted*. Dkt. 449 at 4. This narrowly-applied defense does not permit the FEARLESS GIRL trademark to be conflated with images of the Fearless Girl statue—whether they are labeled as a copyright or a logo.

As a result, Ms. Visbal has completely recalibrated her prior copyright-based arguments into trademark arguments. She now articulates—*for the first time*—an issue with uses of SSGA's word mark. But she cannot now assert her new, never before stated arguments and theories.

Respectfully, in interpreting Ms. Visbal's arguments on this defense as involving a "logo" image, the Court erred in holding that the unclean hands defense may apply to SSGA's trademark infringement claim on the FEARLESS GIRL word mark. Such a "logo" is distinct from the word mark and not a part of the Trademark License between the parties, which pertains only to the word mark.[1] It follows then that SSGA's purported use of a "logo" does not pertain to the trademark asserted by SSGA and is not a relevant basis for the concern that someone might question the existence of Ms. Visbal's merchandising license. Respectfully, SSGA pointed to this clear error in its opening brief, which it believes requires correction, and has therefore met the legal standard for this motion.

SSGA understands that reconsideration is granted sparingly. It does not make this motion lightly. But under the applicable legal test, Ms. Visbal's unclean defense fails as a matter of law because it did not relate to "the right at issue."

---

[1] "It is understood and agreed that this license shall pertain only to the Trademark and the Licensed Products and does not extend to any other mark." Trademark License, § 2(g). The "Trademark" is defined as "the FEARLESS GIRL trademark" and this is further specified to mean the trademark in "U.S. Trademark Application No. 87/374,560" (*id.*, § 1(a)) that has since registered and is the same mark/registration discussed by Ms. Visbal at Dkt. 449 at 8, n. 2. *See also* Dkt. 381-11 (SSGA's federal trademark registration of the FEARLESS GIRL word mark).

**During Summary Judgment Visbal's Unclean Hands Defense Was Based On Copyright**

During summary judgment, Ms. Visbal argued for the first time that her unclean hands defense was based on an alleged violation of uses and rights to Fearless Girl reserved to her under the Master Agreement in §§ 3(a), 3(c), and 4(e). Dkt. 404 at 29-30. As noted, these sections of the Master Agreement pertain to the copyright and the artwork. Dkt. 447 at 3-4. While § 3(c) prohibits use of the artwork as a "logo," it is still only a bar on use of the Fearless Girl image—not the Fearless Girl word mark. Therefore, §§ 3(a), 3(c), and 4(e) of the Master Agreement do not support the defense.

Given her reliance on these Master Agreement sections, Ms. Visbal only pointed to visual depictions or "logo treatments" of the Fearless Girl statue, such as those on pins and t-shirts and in third-party videos and photos SSGA purportedly authorized. No mention was made of the word mark. The DOT agreement also only pertains to the rights in the Fearless Girl artwork and not the trademark. *See* Dkt. 447 at 4 & n.3.

Ms. Visbal now argues, *for the first time*, that the Trademark License is relevant to her defense. Dkt. 449 at 6. She piggybacks on the Court's summary judgment order and takes it one step further, arguing that the uses she previously identified actually do involve SSGA's FEARLESS GIRL word mark and infringes on Ms. Visbal's exclusive trademark license. Dkt. 449 at 4-5. The Trademark License involves only the FEARLESS GIRL word mark. It therefore makes perfect sense that Ms. Visbal did not think to mention this agreement in her summary judgment arguments, which were not focused on this trademark. *See* Dkt. 404 at 29-30 (briefing the unclean hands without mentioning the trademark or Trademark License).[2] This is the first time that SSGA

---

[2] Moreover, Ms. Visbal now explains that, to the extent her defense is based on this Trademark License (which it was not) she should be able to argue that SSGA "committed trademark infringement by using the Fearless Girl word mark on items offered for sale, including those with the Fearless Girl image." Dkt. 449

3

is on notice of Ms. Visbal's new arguments and recently-contrived basis for the unclean hands defense, which Ms. Visbal first asserted over *four years ago*. *See* Dkt. 47 at 13 (Fourth Affirmative Defense). This is improper and prejudicial because it is reciprocally improper for SSGA to raise new arguments now. *See Power Auth. of State of New York v. Tug M/V ELLEN S. BOUCHARD*, 433 F. Supp. 3d 477, 479 (S.D.N.Y. 2019) ("A party may not advance new facts, issues or arguments not previously presented to the Court[] on a motion for reconsideration.") (internal citation omitted). *See also Polsby v. St. Martin's Press, Inc.*, No. 97 CIV. 690 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (explaining that reconsideration motions are "confined" to matters that were "overlooked").[3]

### The DOT Agreement and Other Events Do Not Relate To The Acquisition Of The Trademark Asserted

Here too, Visbal's repeated reliance on the DOT Agreement is improper because that agreement neither involves the trademark nor relates to SSGA's acquisition of trademark rights in the FEARLESS GIRL word mark.

*First*, the DOT agreement pertains only to the Artwork:

> The Artist and the MAINTENANCE ENTITY will retain ownership and all intellectual property rights in the **Artwork**. However the MAINTENANCE ENTITY hereby grants, and ensures that the Artist grants, to DOT a royalty-free, perpetual license to use any **depictions of the Artwork** for any lawful purpose, including without limitation, any noncommercial uses. DOT agrees to use best efforts to give credit provide notice to the Artist and the MAINTENANCE ENTITY in such cases.

---

at 6. *But she cannot argue trademark infringement against SSGA as a matter of law*. *See, e.g., Silverstar Enters, Inc. v. Aday*, 537 F. Supp. 236, 240 (S.D.N.Y. 1982) (holding exclusive licensee has no standing to assert trademark infringement against licensor/registrant); *see also* 3 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 18:63 (5th ed.) ("licensee cannot sue its licensor for infringement of a licensed trademark.").

[3] SSGA is following these rules. Its motion is based on what it perceives to be an error made by the Court following the arguments presented. Ms. Visbal's submission of new arguments now is not appropriate and would require new analysis, including on the terms of the Trademark License, which exceeds the scope of this limited motion.

Dkt. 397, Ex. 56 (Article A.7.1) (emphasis added). *Second*, SSGA did not "acquire" the trademark by signing this agreement, which merely obligates, in sum and substance, that SSGA maintain the statue while it is on DOT property.

A trademark is acquired through use-in-commerce of a mark. 2 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 16:1 (5th ed.) (Ownership of trademark rights in the United States is acquired through actual use of a symbol or mark in commerce to "identify the goods or services of one seller and distinguish them from those offered by others.").[4] This is black letter law. Ms. Visbal does not explain how the DOT agreement constitutes an act by which SSGA "acquired" the FEARLESS GIRL trademark. It is not. *See e.g., Gidatex, S.r.L. v. Campaniello Imports, Ltd.,* 82 F. Supp. 2d 126, 132 (S.D.N.Y. 1999) (rejecting an unclean hands defense to a trademark infringement claim based on Plaintiff's alleged inequitable conduct and intent in entering into a trademark license agreement because such conduct is not sufficiently related to the use or acquisition of the mark). She merely recounts a purported chain of events that she perceives occurred in the several months following that DOT agreement (i.e., the timing of her scan *of SSGA's statue*, a withdrawal of the trademark application that *she had filed only after* SSGA filed its application for the identical FEARLESS GIRL mark,[5] and her written acknowledgment of SSGA's trademark application and registration). Dkt. 449 at 8. None of these things involve the acquisition of trademark rights by SSGA. Ms. Visbal's own trademark application, which she later withdrew, is irrelevant for the additional reason that Ms. Visbal denies that she owned trademark

---

[4] "Use in commerce" means the bona fide use of a mark in the ordinary course of trade. Lanham Act § 45, 15 U.S.C.A. § 1127. A trademark is deemed to be in use in commerce when the mark is placed on or with goods and the "goods are sold or transported in commerce" or "displayed in the sale or advertising of services and the services are rendered in commerce." *Id*.

[5] *See* https://tsdr.uspto.gov/#caseNumber=87376009&caseType=SERIAL_NO&searchType=statusSearch (U.S. Patent & Trademark Office Trademark Status & Document Retrieval for Serial No. 87376009 showing filing date of March 17, 2017).

rights in FEARLESS GIRL before May 12, 2017 (the date of the Master Agreement). *See* Dkt. 387-79 (McCallion Ex. 79 at Response to Interrogatory No. 8).[6] Her implication that she surrendered rights in the trademark and that somehow paved the way for SSGA to acquire rights is baseless.

Further, Ms. Visbal's theory that SSGA's rights in the FEARLESS GIRL trademark arose after SSGA signed the DOT Agreement (Dkt. 449 at 7, n. 2)—while also irrelevant to SSGA's acquisition of trademark rights—is also legally incorrect. While the date on which SSGA acquired its trademark rights has no relation to the DOT Agreement, there is no factual dispute that SSGA's priority in the FEARLESS GIRL trademark dates back to at least as early as its application filing date of March 16, 2017,[7] which is before the April 2, 2017 effective date of the DOT Agreement.

## Conclusion[8]

SSGA respectfully requests the Court reconsider its decision on Ms. Visbal's Third Affirmative Defense of unclean hands. Ms. Visbal's support of this defense during summary judgment was entirely copyright-based. As such, the defense should not have survived summary judgment. Respectfully, the Court's interpretation that logo use was relevant to the Trademark License and thus also to SSGA's trademark infringement claims was in error.

---

[6] SSGA's Interrogatory No. 8 stated: "If You contend that You owned trademark rights in the term "FEARLESS GIRL" prior to the execution of the Agreements [with SSGA], explain why and Identify all Documents that You believe support this contention." Ms. Visbal responded "Defendant denies this contention." Dkt. 387-79 at 6.

[7] 15 U.S.C. § 1057(c) (the filing of the application to register a mark "shall constitute constructive use of the mark, conferring a right of priority, nationwide in effect, on or in connection with the goods or services specified in the registration"); TMEP § 201.01 ("The effective filing date is controlling for purposes of determining priority for publication or issue."); *see also* Dkt. 381-11 (FEARLESS GIRL Registration Certificate showing filing date).

[8] SSGA does not respond to Ms. Visbal's arguments about the strength of SSGA's trademark claims against Ms. Visbal or its recounting of a case about Disney characters (Dkt. 449 at 7-8), which improperly exceed the scope of this motion, or any comments in Section C pertaining to the image (*id*. at 9-10), which are irrelevant to the trademark and thus this motion.

| | |
|---|---|
| July 19, 2023 | Respectfully submitted,<br><br>**FISH & RICHARDSON P.C.**<br><br>By:   */s/ Kristen McCallion*<br>      Kristen McCallion<br>      mccallion@fr.com<br>      John S. Goetz<br>      goetz@fr.com<br>      Michael F. Autuoro<br>      autuoro@fr.com<br>      Vivian Cheng<br>      cheng@fr.com<br>      Fish & Richardson P.C.<br>      7 Times Square, Floor 20<br>      New York, NY 10036<br>      Tel: (212) 765-5070<br><br>      *Attorneys for Plaintiff State Street Global Advisors Trust Company* |

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2023, a true and correct copy of the foregoing document was served on counsel of record who have consented to electronic service via the Court's CM/ECF system.


Dated: July 19, 2023                                         /s/ Kristen McCallion
                                                             Kristen McCallion