USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
:
STATE STREET GLOBAL ADVISORS :
TRUST COMPANY, *a Massachusetts trust* :
*company*, :
:
Plaintiff, : 1:19-cv-1719-GHW
:
-v- :
: MEMORANDUM OPINION AND
KRISTEN VISBAL, : ORDER
:
Defendant. :
:
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      This order resolves an outstanding issue in this long-running case between Plaintiff State Street Global Advisors ("State Street" or "SSGA")—the entity that commissioned the famed "Fearless Girl" statue in New York City—and Defendant Kristen Visbal, the statue's sculptor. On June 16, 2023, this Court issued a memorandum order and opinion partially granting both parties' cross-motions for summary judgment. Dkt. No. 439. Two weeks later, State Street filed a motion for reconsideration of the Court's conclusion that it was not entitled to summary judgment as to Visbal's "unclean hands" affirmative defense. With the benefit of the parties' briefing on that motion, the Court has reexamined that decision. Because Plaintiff is correct that the Court improperly relied on alleged use of the Fearless Girl *logo* to support an unclean hands defense as to the trademarked *words* "Fearless Girl," its motion is GRANTED IN PART. But because there is other evidence in the record that can reasonably support Defendant's unclean-hands defense, Plaintiff's motion is also DENIED IN PART and summary judgment remains denied as to that defense.

I.  **BACKGROUND**[1]

On June 16, 2023, the Court issued a lengthy opinion resolving both parties' cross-motions for summary judgment in this case.  Dkt. No. 439.  Included in that opinion was a section evaluating State Street's motion for summary judgment as to a number of Visbal's affirmative defenses.  *Id.* at 79–84.  While the Court granted State Street's motion as to three such defenses, *see id.* at 81–84, it denied the motion as to three other defenses, including—as relevant here—Visbal's defense of "unclean hands."  *Id.* at 79–80.  The Court explained that "[t]o sustain an unclean-hands defense, a defendant must provide evidence to support an argument that that the plaintiff has engaged in 'inequitable conduct or bad faith where the misconduct has a material relation to the equitable relief that plaintiff seeks.'"  *Id.* (quoting *Laugh Factory Inc. v. Basciano*, 608 F. Supp. 2d 549, 560 (S.D.N.Y. 2009)).  And it reasoned that because there was evidence in the record that State Street "may have used the Fearless Girl logo" on products for sale, despite the parties' Trademark Agreement forbidding State Street's use of the Fearless Girl trademark for merchandise, Visbal's unclean-hands defense as to State Street's trademark claim should proceed to trial.  *Id.* at 80; *see* Dkt. No. 381 Ex. 30 at 24–31 (the parties' Trademark Agreement) § 2(a) (State Street's "exclusive" license of the Fearless Girl trademark to Visbal for, among other things, "three-dimensional copies of the Statue in various mediums and sizes in connection with the offer of goods for sale ('Merchandising')" and "two-dimensional copies of the Statue in various mediums and sizes in connection with Merchandising").

Two weeks later, on June 30, 2023, State Street filed a motion for reconsideration of that decision.  Dkt. No. 446 (motion); Dkt. No. 447 (memorandum in support, or "Pl's Mem.").  It argued that the Court erred by considering whether evidence in the record could support a

---

[1] As this order resolves a motion for reconsideration, the Court presumes the reader's familiarity with this case's facts and procedural history, which are discussed at length in the Court's summary-judgment opinion.  *See* Dkt. No. 439.

trademark-based unclean-hands defense, even though—in its view—Visbal's unclean-hands argument had centered on State Street's alleged misconduct with respect to copyright (not trademark). *See* Pl's Mem. at 5 (arguing that the Trademark Agreement was "not the basis argued by Ms. Visbal"). And it contends that, even if the Trademark Agreement is considered, the Court erred in its analysis because State Street's purported use of the Fearless Girl *logo* would not constitute a use of the trademark that is the subject of the Trademark Agreement—the *words* "Fearless Girl." *Id.* at 8; *see* Trademark Agreement § 1(a) ("SSGA is the exclusive owner of the 'FEARLESS GIRL' trademark" for certain purposes); Dkt. No. 381 Ex. 11 (SSGA's trademark, which is only for the words "FEARLESS GIRL").

Visbal opposed State Street's motion for reconsideration on July 12, 2023. Dkt. No. 449 ("Def's Opp."). She argued, among other things, that even if the evidence of SSGA's alleged use of the Fearless Girl logo cited by the Court in the summary-judgment opinion could not support her unclean-hands defense, there was ample other evidence in the record of State Street using the words "Fearless Girl" in the merchandising context, which could support the defense. *Id.* at 4–5. With State Street's reply on July 19, 2023, Dkt. No. 450, the motion is now fully briefed.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 59(e), within 28 days of an entry of judgment, a party may file "[a] motion to alter or amend a judgment." And Southern District of New York Local Rule 6.3 permits parties to, within 14 days of a court's order, file "a notice of motion for reconsideration or reargument" of that motion. "The standards set forth in both Fed. R. Civ. P. 59(e) and Local Rule 6.3 are identical." *In re New York Comm. Bancorp, Inc., Sec. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007). To justify reconsideration, the moving party must be able "to point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir.

1995); *see also Bartlett v. Tribeca Lending Corp.*, No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (noting that a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it). "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009), because "reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "The Second Circuit has stated that '[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied.'" *Mahmud v. Kaufmann*, 496 F. Supp. 2d 266, 270 (S.D.N.Y. 2007) (quoting *Shrader*, 70 F.3d at 257) (alterations in original). Ultimately, "[t]he decision to grant or deny a motion for reconsideration rests within 'the sound discretion of the district court.'" *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, 352 F. Supp. 3d 242, 246 (S.D.N.Y. 2019) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

### III. DISCUSSION

State Street's contention that the Court could not consider whether its alleged conduct could support an unclean-hands defense based on the Trademark Agreement because Visbal's summary-judgment briefing focused primarily on a different agreement at issue in this case is without merit. And while State Street is correct that the Court erred in relying on its alleged use of a logo in evaluating Visbal's affirmative defense, because there is other evidence in the record of State Street allegedly using the words "Fearless Girl" in merchandising, a reasonable jury could find that Visbal's unclean-hands defense is sufficiently supported by the record. As a result, State Street's motion for summary judgment as to that defense will remain denied.

State Street first notes that in Visbal's brief opposing summary judgment, she did not cite the

4

Trademark Agreement. *See* Pls' Mem. at 3 (referencing Dkt. No. 404 at 29–30, the relevant portion of Visbal's brief). Instead, in that briefing, Visbal accused State Street of violating certain provisions of the parties' "Master Agreement." Dkt. No. 404 at 29–30. State Street contends that because these provisions of the Master Agreement "all pertain to copyright," and alleged copyright-based infringement cannot serve as the factual predicate for an unclean-hands defense against a trademark claim, it was error for this Court to determine whether State Street's alleged actions could form the foundation of a trademark-based unclean hands defense. Pls' Mem. at 4; *see id.* at 5 ("Respectfully, the Trademark License Agreement . . . relied upon by the Court is not pertinent to the analysis; nor was it the basis argued by Ms. Visbal."); *see also Warner Bros., Inc. v. Gay Toys, Inc.*, 724 F.2d 327, 334 (2d Cir. 1983) (noting that because "the defense of unclean hands applies only with respect to the right in suit," allegations of false use of trademark could not support the defense as against an unfair competition); *Laugh Factor*, 608 F. Supp. 2d at 560 (the alleged misconduct underlying an unclean-hands must have "a material relation to the equitable relief that plaintiff seeks").

But when presented with State Street's summary-judgment motion, the Court's task was to evaluate whether or not "the movant"—State Street—had "show[n] that there [was] no genuine dispute as to any material fact and the movant [was] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In doing so, it was entitled to consider the entire record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (noting that summary judgment is proper only where the record—"the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any"—shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"). And in completing this task, the Court was "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (internal quotation and citation omitted).

In the summary-judgment opinion, therefore, the Court examined the full record—which included the Trademark Agreement as well as multiple allegations about State Street's inequitable conduct. It then concluded that a reasonable jury could find that Visbal's unclean-hands defense was supported by State Street's conduct vis-à-vis the Trademark Agreement. That was not erroneous merely because Visbal failed to advance that precise theory in her papers. *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law.").[2] As a result, the Court will not grant reconsideration on this ground. *See Shrader*, 70 F.3d at 257.

State Street's second argument, however, is well-grounded. It notes that in the summary-judgment opinion, the Court denied State Street's motion as to the unclean-hands defense because of purported evidence that State Street had put Fearless Girl logos on merchandise. Pls' Mem. at 5; *see* Dkt. No. 439 at 80 (from the Court's opinion: "Visbal alleges (and points to evidence) that State Street may have used the Fearless Girl *logo* on t-shirts, pins, and other "swag" that may have been offered for purchase." (emphasis added)). But the Trademark Agreement governs use of the relevant trademark, which is for the *words* "Fearless Girl." *See* Trademark Agreement § 1(a) ("SSGA

---

[2] Of course, the Court also retains discretion to treat arguments not presented by the parties as abandoned—as it did in this very case with respect to other arguments not sufficiently pursued by Visbal. *See* Dkt. No. 439 at 69–71 (dismissing various aspects of Visbal's affirmative claims as unpleaded or abandoned). But as the quote from *Kamen* above makes clear, such a decision is discretionary. *See also U.S. Bank v. Commonwealth Land Title Ins. Co.*, No. 13-cv-7626, at *2 (S.D.N.Y. May 27, 2015) (Buchwald, J.) (citing *Kamen* and reaching the same conclusion concerning an argument that was allegedly not raised); *Kotler v. Jubert*, 986 F.3d 147, 159 n.49 (2d Cir. 2021) (noting that the Second Circuit's own "abandonment principles are prudential, not jurisdictional" (internal quotation marks and citation omitted)). Simply noting that discretion is sufficient to deny this aspect of State Street's motion for reconsideration. But the Court further notes that it chose to examine the entire record concerning Visbal's unclean-hands defense (rather than limiting itself to certain provisions of the Master Agreement) because her bottom-line argument was that "SSGA has repeatedly infringed on uses and rights to Fearless Girl reserved to Visbal under the Master Agreement," Dkt. No. 404 at 30, and the Master Agreement itself references the rights of the parties under the attached Trademark Agreement. Dkt. No. 381 Ex. 30 at 1–13 ("Master Agreement") § 11(c) (describing the parties' trademark rights as being subject to "Trademark License Agreement annexed hereto as Exhibit D"). As a result, the Court considered whether State Street's alleged conduct could support Visbal's unclean-hands defense under any of the agreements signed by the parties, including the Trademark Agreement.

is the exclusive owner of the 'FEARLESS GIRL' trademark" for certain purposes); Dkt. No. 381 Ex. 11 (SSGA's trademark, which is only for the words "FEARLESS GIRL").  So State Street contends that use of the logo, even if it occurred, "would not infringe upon Ms. Visbal's trademark license to the FEARLESS GIRL trademark because" it does not constitute a use of "the FEARLESS GIRL *word mark* improperly."  Pls' Mem. at 8 (emphasis added).

That is correct.  State Street's trademark is solely for the words "Fearless Girl."  So the Trademark Agreement could only, and did only, apportion rights in that trademark.  State Street's use of the logo by itself, therefore, could not violate the Trademark Agreement or form the factual predicate to support Visbal's unclean-hands defense.

Nonetheless, the Court adheres to its prior decision to deny State Street's motion for summary judgment as to that defense because there is other evidence in the record that, if credited by a jury, could support a reasonable finding that State Street had itself violated the Trademark Agreement.  Specifically, internal emails from State Street note that at least at one time, they considered "producing a key ring (using a photo), notepad and umbrella with #FearlessGirl on [it]."  Dkt. No. 397 Ex. 120 at 2.  And in a separate email, State Street employees discussed SSGA-produced "Fearless Girl merch" that could be "offer[ed] through hubs like Marketplace" with a "specific line item in [Marketplace's] catalog for FG."  Dkt. No. 397 Ex. 129 at 3.  With reasonable inferences made in Visbal's favor (as is necessary given the case's summary-judgment posture), this is evidence that a reasonable jury could find supports her unclean-hands defense.  If State Street was producing a key ring for sale that featured a replica of the statue and the words "Fearless Girl" in a hashtag, that could violate the Trademark Agreement's exclusive license of the trademark to Visbal for use "on and in connection with . . . three-dimensional copies of the Statue in various mediums and sizes in connection with the offer of goods for sale ('Merchandising')."  Trademark Agreement § 2(a).  And if the "merch" described in the other email contained the words "Fearless Girl" and

7

either a two-dimensional or three-dimensional reproduction of the statue, it too could support Visbal's affirmative defense. *See id.*

To be very clear, and as the Court noted in a different context in the summary-judgment opinion, Visbal will be required to make out her affirmative defenses at trial "without the deference on factual disputes that, in keeping with the case's summary-judgment posture, the Court is required to provide here." Dkt. No. 439 at 68. And the Court is aware that State Street vigorously contests that it ever completed any sale of a product that could have violated the Trademark Agreement. *See* Dkt. No. 424 ¶¶ 5–10 (declaration of State Street Chief Marketing Officer John Brockelman, in which he states—among other things—that SSGA chose not to order any pin or key rings without attribution to Visbal, and that it did not follow through on plans to sell merch through a "Marketplace" (which he states was not Facebook Marketplace but an internal SSGA Marketplace in any event)). But these are disputes of fact that must be submitted to the factfinder, not resolved by this Court on summary judgment; they therefore give the Court no reason to reconsider its prior decision denying this aspect of State Street's summary-judgment motion.

In sum, because this Court remains satisfied that there is evidence in the record sufficient to support Visbal's unclean-hands affirmative defense, the Court adheres to its prior decision denying State Street's motion as to that defense (even as it recognizes that the prior reliance on State Street's alleged use of the Fearless Girl logo was in error).[3]

## IV. CONCLUSION

For the reasons explained in this order, Plaintiff's motion for reconsideration is GRANTED IN PART and DENIED IN PART.

---

[3] The Court need not and does not consider other arguments raised by Visbal in her opposition to State Street's motion for reconsideration. *See* Def's Opp. at 6–9.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 446.

SO ORDERED.

Dated: July 25, 2023
      New York, New York

                                                GREGORY H. WOODS
                                                United States District Judge