

Fish & Richardson P.C.
7 Times Square
20th Floor
New York, NY 10036

212 765 5070 main
212 258 2291 fax

**VIA ECF**

April 16, 2024

Honorable Gregory H. Woods
United States District Court Southern District of New York
500 Pearl Street
New York, NY 10007-1312

***Re:*** ***State Street Global Advisors Trust Company v. Visbal*, Case No. 1:19-cv-1719-GHW**

Dear Judge Woods:

The parties jointly submit this letter regarding several pre-trial issues, including the date of jury selection, a fact stipulation regarding the Australian litigation, and responses to the parties' deposition designation ruling objections.

**Date of Jury Selection**

The parties are scheduled to mediate this case over the weekend. In light of this, the parties propose moving the date of jury selection from April 22 to April 25, in which case counsel for the parties would submit a letter to the Court on April 22 about the status of the case. To the extent the mediation is unsuccessful, the parties propose to select the jury and also begin trial as scheduled on April 25. The parties will be prepared to discuss this issue at the pre-trial conference tomorrow.

**Australia Stipulation**

As set forth below, the parties have reached impasse as to a fact stipulation related to the litigation in Australia.

*Plaintiff's Position*

Plaintiff proposes the following stipulation. This version is more streamlined than Defendant's proposal, which is argumentative and provides unnecessary details regarding the history of the Australian proceeding, which we think will be confusing for the jury.

> On February 14, 2019, State Street filed a lawsuit in Australia against Maurice Blackburn, CBUS, and HESTA over the Australia Replica, alleging that these companies violated State Street's rights in Fearless Girl. Ms. Visbal was not a party to the case. State Street settled with CBUS and Hesta under confidential terms. An Australian trial court held a seven-day hearing about State Street's legal claims against Maurice Blackburn. After the trial court completed the hearing, it denied State Street's claims. State Street appealed the decision but was not successful. The case was decided under Australian law and did not decide the issue of whether Ms. Visbal breached the Master Agreement.



*Defendant's Position*

Defendant proposes the following stipulation which includes: (a) evidence concerning SSGA's decision to pursue the case to a hearing after obtaining sworn statements, which is relevant to SSGA's failure to mitigate its attorneys' fees damages; (b) evidence concerning the number of jurists (four, one at trial and three on appeal) who rejected SSGA's position, which is relevant to the unreasonableness of SSGA's decision to bring this lawsuit; and (c) the dates of the hearings and decision, which is basic background information for the jurors to understand the timeline and also speaks to the significant period of time when SSGA could have mitigated its damages by dismissing the case. For ease of the Court, Defendant uses underlining and brackets to indicate changes from Plaintiff's version.

> On February 14, 2019, State Street filed a lawsuit in Australia against Maurice Blackburn, CBUS, and HESTA over the Australia Replica, alleging that these companies violated State Street's rights in Fearless Girl. Ms. Visbal was not a party to the case. State Street settled with CBUS and Hesta under confidential terms. An Australian trial court held a seven-day hearing <u>on November 25, 2019 to November 29, 2019 and February 10, 2020 to February 12, 2020</u> about State Street's legal claims against Maurice Blackburn. <u>State Street obtained sworn testimony from witnesses in advance of the hearing. State Street did not dismiss the case before the hearing</u>. After the trial court completed the hearing, <u>on February 25, 2021</u>, it denied <u>all of</u> State Street's claims. State Street appealed the decision <u>*[cut end of sentence]*</u>. <u>On April 8, 2022, the appellate court denied State Street's appeal in a decision by three appellate judges with no dissents</u>. The case was decided under Australian law and did not decide the issue of whether Ms. Visbal breached the Master Agreement.

**<u>Kristen Visbal Deposition Designations</u>**

*Plaintiff's Response to Defendant's Objections*

*First*, Defendant incorrectly asserts that testimony and evidence related to the Art Agreement: Fearless Girl between Visbal and Maurice Blackburn Lawyers ("MBL") constitutes "parol evidence" and was excluded by the Court's ruling on Plaintiff's motion in limine No. 12 ("MIL 12"). This is incorrect. As an initial matter, MIL 12 sought only to exclude parol evidence related to the agreements between *Plaintiff and Defendant*. The Court's ruling therefore only applies to the agreements between SSGA and Visbal (*see, e.g.*, 4/8/2024 PTC Hearing Tr. at ("all parol[] evidence about what **the parties** intended or meant for the language of **the contract** to mean is not admissible") (emphasis added)) and does not apply to testimony and evidence related to the MBL, which is an entirely separate agreement between *Defendant and a third party*.

Unlike the Master Agreement addressed in SSGA's MIL 12, the MBL is not the agreement that is the subject of the breach claims in this case. There are no claims or defenses in this case that concern whether Visbal or MBL breached the Art Agreement. The evidence relating to the Art Agreement—including drafts with commentary that were sent to Visbal—




shows Defendant's knowledge of the intended uses of the Australia replica and is key evidence of Defendant's breach of Section 7(c) of the Master Agreement, which prohibits Defendant from taking certain actions "knowingly."

Defendant's objections to the Court's ruling with regard to 342:6-14, 343:12–346:2, 347:15–348:10, 348:22–349:5, 471:20–475:15, and 503:10–504:6 should therefore be overruled.

With regard to Defendant's additional objections to the Court's rulings, Plaintiff responds as follows:

- 394:22 – 397:13 – The portions of the testimony that even remotely allude to an advice of counsel defense are limited to specific lines, e.g., 369:19 –397:13. The remainder of the testimony is relevant to Defendant's awareness of Cbus and HESTA, and Cbus and HESTA's involvement with the Australian replica. This testimony is therefore directly related to Defendant's breach of Section 7(c) of the agreement.

- 435:18 – 436:4 – Plaintiff objects to Defendant's request to add a counter-designation 436:5-9 because it is not a proper counter-designation. The testimony to which it counters is related to a plaque for the Australian replica, while Defendant's proposed counter-designation pertains to logo use, a completely separate issue.

- 503:10 – 504:6 – This testimony relates to Defendant's actions regarding the Australia replica and whether those actions constitute breach of the Master Agreement. This testimony does not go to the intention of the parties or what the parties intended when negotiating the agreement, and thus does not constitute parol evidence under MIL 12.

- 538:4 – 539:19 – This designated testimony relates to Defendant's breach of Section 7(c) directly, particularly her awareness and knowledge regarding Cbus's and HESTA's plans and involvement with the Australian replica.

*Defendant's Response to Plaintiff's Objections*

SSGA's April 15, 2024 challenges to the Court's rulings on Visbal's counter-designations should be rejected.[1] SSGA intends to play approximately 160 minutes of Visbal's deposition to the jury. *See* Dkt. 524 at 1. Visbal has the right to provide context for the designations SSGA has chosen and to ensure the jury sees the full scope of the answers Visbal gave at her deposition. The Court's rulings reflect this basic principle.

*First*, SSGA's objection to the Court's ruling on Visbal's counter-designation at 495:11-21 is unfounded. This testimony does *not* involve the "bad acts" evidence the Court excluded in granting SSGA's Motion *in Limine* No. 4. Instead, it concerns SSGA's 2017 Conciliation Agreement with the United States Department of Labor, the subject of SSGA's Motion *in Limine* No. 5, *see* Dkt. 469 at 21, which the Court has not ruled on yet, *see* Pretrial Conf. Tr. at 76, and

[1] Vibal agrees that the counter-designations at 272:22 – 273:4 and 274:22 – 276:13 need not be shown to the jury based on the Court's ruling excluding the SSGA designations to which they relate.




which should be denied for the reasons set forth in Visbal's opposition to SSGA's Motion *in Limine* No. 5, *see* Dkt. 480 at 8-12. Nor does the testimony relate to "fraud in the inducement," as Visbal never asserts in the counter-designation that she was fraudulently induced into signing the Master Agreement. SSGA's hearsay objection is baseless; the designated testimony does not include any out-of-court statement, let alone one that is being offered for the truth of the matter asserted. And its relevance objection fails because the Conciliation Agreement is relevant to this case for the reasons set forth in Visbal's opposition to SSGA's Motion *in Limine* No. 5, *see* Dkt. 480 at 8-12.

*Second*, the Court properly overruled SSGA's objections to Visbal's counter-designations at 116:9 – 118:03, 129:18 – 130:14, 137:18 – 138:08, 330:12-19, and 404:4-7, and it should overrule the objections SSGA now raises to Visbal's counter-designations at 197:14 – 199:6 and 247:2-11, because those counter-designations are necessary to complete the cherry-picked testimony SSGA seeks to admit.

*Finally*, it is unclear why SSGA takes issue with the Court's decision overruling SSGA's objection to Visbal's counter-designation at 478:16 – 479:4; since that counter-designation is included within SSGA's own designations that the Court admitted. *See* SSGA Designations at 10 (designating 478:11 – 480:2). In any event, Visbal's counter-designation is admissible and the Court properly overruled SSGA's objection.

**Rebecca Hanlan Deposition Designations**

*Plaintiff's Response to Defendant's Objections*

With regard to Defendant's argument to exclude Hanlan Dep. at 93:2-93:18; 95:7-96:12, Plaintiff refers to its argument related to Visbal designations, above.



April 16, 2024

FISH & RICHARDSON P.C.

By: */s/Joy Kete*

Kristen McCallion
mccallion@fr.com
John S. Goetz
goetz@fr.com
Michael F. Autuoro
autuoro@fr.com
Vivian Cheng
cheng@fr.com
Excylyn J. Hardin-Smith
hardin-smith@fr.com
Kelly Allenspach Del Dotto
allenspach.del.dotto@fr.com
Joy Kete
kete@fr.com
Meghan Thadani
thadani@fr.com
**FISH & RICHARDSON P.C.**
7 Times Square, Floor 20
New York, NY 10036
Tel: (212) 765-5070
Fax: (212) 258-2291

**ATTORNEYS FOR PLAINTIFF STATE STREET GLOBAL ADVISORS TRUST COMPANY**

Respectfully submitted,

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

By: */s/ Debra L. Greenberger*

Ilann M. Maazel
Debra L. Greenberger
Samuel Shapiro
Nick Bourland
**EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP**
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

**ATTORNEYS FOR DEFENDANT KRISTEN VISBAL**