```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
STATE STREET GLOBAL ADVISORS TRUST                                :
COMPANY,                                                          :
                                                                  :                1:19-cv-01719-GHW
                                             Plaintiff,           :
                                                                  :                      ORDER
                       -v-                                        :
                                                                  :
KRISTEN VISBAL,                                                   :
                                                                  :
                                             Defendant.           :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/2024

GREGORY H. WOODS, United States District Judge:

Trial in this case is set to begin on April 29, 2024.  Before the Court is Plaintiff's motion to permit Plaintiff's witness Rebecca Smith to testify live by video.  Dkt. No. 526 (public version); Dkt. No. 527 (sealed version).  The Court heard the parties' positions on Plaintiff's motion during the telephonic final pre-trial conference held on April 17, 2024, and the Court has reviewed Plaintiff's supplemental letter at Dkt. No. 535 in further support of its motion.

Rule 43(a) of the Federal Rules of Civil Procedure provides that, for "good cause in compelling circumstances," a witness may be permitted to testify by contemporaneous transmission from a location other than the courtroom.  As discussed on the record at the April 17 conference, Ms. Smith's health conditions—and her location in Australia, which would necessitate a long-distance trip for Ms. Smith to testify in person—constitute compelling circumstances and provide good cause to permit Ms. Smith to testify remotely via videoconference on the platform Zoom.  Accordingly, after due deliberation, the Court is prepared to adopt the following virtual hearing procedures, which provide appropriate safeguards in relation to Ms. Smith's testimony during the trial of this matter.  Any party objecting to these procedures or who wishes to suggest alternate procedures shall do so by a letter submitted on ECF no later than Monday, April 22, 2024.

IT IS HEREBY ORDERED THAT:

(1) **Videoconferencing**.  Ms. Smith's testimony shall take place virtually via videoconference as set forth herein.  The provider for videoconferencing will be Zoom.  All counsel who participate in the trial shall participate in appropriate pre-trial technology testing no later than April 25, 2024 and as may be required by further order of the Court to ensure that Ms. Smith's testimony proceeds without foreseeable technological issues.

(2) **Submission of Exhibits**.  The parties shall prepare two binders for Ms. Smith.  The first binder ("Binder One") shall be prepared by Plaintiff, the party offering the witness.  It shall contain the witness's declaration and all exhibits that the party offering that witness intends for the witness to address at trial.  The second binder ("Binder Two") shall be prepared by the party opposing a witness.  Binder Two shall contain any exhibits that the opposing party intends for the witness to view during cross-examination.  As discussed during the April 17 conference, Defendant is not limited to examining Ms. Smith on exhibits only contained in Binder Two.

Binder Two shall be provided to counsel for Plaintiff, for delivery to Ms. Smith, by a date certain to be determined by the parties.  Binder Two shall be sealed and shall, on the exterior of the binder, clearly instruct Ms. Smith and opposing counsel—Plaintiff's counsel—not to open the binder until directed to do so.  Ms. Smith and opposing counsel shall not review Binder Two until the cross-examination begins.

A hard copy and USB drive of Binders One and Two shall be mailed to Chambers no later than April 26, 2024.

(3) **Remote Witness Testimony**.  As already noted, Ms. Smith (the "Remote Witness") is granted leave to testify by contemporaneous transmission from a different location than the courtroom pursuant to Federal Rule of Civil Procedure 43(a).  The Remote Witness shall be sworn in over remote means, and such testimony will have the same effect and be binding upon the

Remote Witness in the same manner as if such Remote Witness was sworn in by the Court deputy in person in open court at the courthouse.  The party offering the Remote Witness shall be responsible for ensuring that the remote technology and all exhibits from all parties are supplied to the Remote Witness in hard copy prior to trial.  During the testimony, no person other than counsel may be present in the room from which the Remote Witness, as a fact witness, will testify during her testimony.  While the Remote Witness is testifying, she may not have in the room from which the Remote Witness is testifying any documents except Binder One and Binder Two.  The Remote Witness shall utilize the provided link only during the time she is testifying.  Upon the conclusion of her testimony, the witness shall disconnect from the link.

(4) **<u>Courtroom Formalities</u>**.  Although being conducted using videoconferencing solutions, the trial constitutes a court proceeding, and any recording other than the official court version is prohibited.  No party may record images or sounds from any location.  The formalities of a courtroom must be observed.  When called to testify, the Remote Witness must situate herself in such a manner as to be able to view the video screen and be seen by the Court.

SO ORDERED.

Dated: April 19, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge